JOHN F. JOHNSON, Appellant, *v.* R. T. K. PETROLEUM Co., INC., Respondent, Impleaded with Others.

Argued June 18, 1942; decided July 29, 1942.

*Harry A. Spiegelman, Joseph J. Schwartz* and *John M. Wilson* for appellant. The question whether the driver of the truck was an employee of the respondent or an independent contractor, was one of fact, and the finding by the trial court that he was an employee is conclusive. (*La Duke* v. *International Paper Co.,*

258 App. Div. 375; *Matter of Glielmi* v. *Netherland Dairy Co.*, 254 N. Y. 60; *Braxton* v. *Mendelson*, 233 N. Y. 122.) The driver of the truck was the employee of the respondent and the latter was responsible for his negligence. (*La Duke* v. *International Paper Co.*, 258 App. Div. 375; *Matter of Morton*, 284 N. Y. 167; *Matter of Washburn* v. *Bunce*, 272 N. Y. 547; *Matter of Jacobi* v. *Supreme Junior Coat Co.*, 268 N. Y. 654; *Schmedes* v. *Deffaa*, 214 N. Y. 675; *Charles* v. *Barrett*, 233 N. Y. 127; *McNamara* v. *Leipzig*, 227 N. Y. 291; *Martucci* v. *Eskay Coal & Fuel Corp.*, 257 App. Div. 998; *Malloy* v. *Scott*, 275 N. Y. 496; *Fritz* v. *Krasne*, 273 N. Y. 649.)

*William C. Goodson* and *Alexander D. Diamond* for respondent. The evidence establishes conclusively that Hunt was operating the truck in question in furtherance of his own business as an independent contractor and was not the servant of the respondent, so as to render the latter liable for the accident. (*Brown* v. *Steamship Terminal Operating Corp.*, 267 N. Y. 83; *Martucci* v. *Eskay Coal & Fuel Corp.*, 257 App. Div. 998; 282 N. Y. 642; *McLaughlin* v. *Audley Clarke Co.*, 225 App. Div. 805; 251 N. Y. 507; *Irwin* v. *Klein*, 271 N. Y. 477; *Ramsey* v. *N. Y. C. R. R. Co.*, 269 N. Y. 219; *Brown* v. *Steamship Terminal Operating Corp.*, 267 N. Y. 83; *Charles* v. *Barrett*, 233 N. Y. 127; *Fritz* v. *Krasne*, 161 Misc. Rep. 442; 248 App. Div. 573; 273 N. Y. 649; *Howitt* v. *Hopkins*, 219 App. Div. 653; 246 N. Y. 604; *Haykl* v. *Drees*, 247 App. Div. 90; 272 N. Y. 576; *Natell* v. *Taylor-Fichter Steel Constr. Co.*, 257 App. Div. 764.) The Appellate Division properly dismissed the complaint against the respondent because of a total failure on the part of the plaintiff to sustain the burden of showing the applicability of the doctrine of *respondeat superior*. (*Charles* v. *Barrett*, 233 N. Y. 127; *Brown* v. *Steamship Terminal Operating Corp.*, 267 N. Y. 83; *Irwin* v. *Klein*, 271 N. Y. 477; *McNamara* v. *Leipzig*, 227 N. Y. 291; *Malloy* v. *Scott*, 248 App. Div. 882; 275 N. Y. 496; *Cattini* v. *American Ry. Exp. Co.*, 202 App. Div. 336; 234 N. Y. 585; *McLaughlin* v. *Audley Clarke Co.*, 225 App. Div. 805; 251 N. Y. 507; *Haykl* v. *Drees*, 247 App. Div. 90; 272 N. Y. 576.)

PER CURIAM. On this record it was error to hold as a matter of law that the co-defendant driver and owner of the truck was an independent contractor rather than a servant of the corporate

defendant. The nature of the relationship existing was a question of fact which the trier of the facts resolved in favor of the plaintiff. (See *Braxton* v. *Mendelsohn*, 233 N. Y. 122; *Matter of Glielmi* v. *Netherland Dairy Co.*, 254 N. Y. 60; *Irwin* v. *Klein*, 271 N. Y. 477; *Fritz* v. *Krasne*, 273 N. Y. 649.) The evidence sustains that finding.

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed with costs in this court and in the Appellate Division. (See 289 N. Y. 647.)

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgment accordingly.