MICHAEL KATAPODIS, as Administrator of the Estate of WILLIAM KATAPODIS, Deceased, Appellant and Respondent, v. LA SALLE TRUCKING CORPORATION et al., Appellants; RIDGELAWN HOMES, INC., Respondent, et al., Defendants.

Submitted June 7, 1944; decided July 19, 1944.

230

*Edmund F. Lamb* and *Thomas J. Irving* for plaintiff-appellant and respondent. I. There was overwhelming evidence from which the jury could find liability on the part of defendant Ridge Contracting Co. as to both elements of negligence, and no prejudicial error was committed by the trial court in the admission or rejection of evidence or in the charge to the jury as respects this defendant. (*Johnson* v. *R. T. K. Petroleum Co.,* 289 N. Y. 101; *Boylhart* v. *Di Marco & Reimann, Inc.,* 270 N. Y. 217.) II. Whether the backing of trucks across the sidewalk was fraught with danger to pedestrians or not, was a question of fact for the jury, and the Appellate Division erred in holding as a matter of law that it was not inherently dangerous. (*Mullins* v. *Siegel-Cooper, Co.,* 183 N. Y. 129; *Rohlfs* v. *Weil,* 271 N. Y. 444; *Boylhart* v. *Di Marco & Reimann, Inc.,* 270 N. Y. 217; *Wright* v. *Tudor City Twelfth Unit, Inc.,* 276 N. Y. 303; *Simmons* v. *Radio Printing Corp.,* 279 N. Y. 783; *Schwartz* v. *Merola Bros. Construction Corp.,* 290 N. Y. 145.) III. The infant intestate was not chargeable with contributory negligence. (*Mangam* v. *Brooklyn R. R. Co.,* 38 N. Y. 455; *Reiss* v. *City of New York,* 231 App. Div. 42; *Meyer* v. *Inguaggiato,* 258 App. Div. 331, 282 N. Y. 810; *Grealish* v. *Brooklyn, Queens Co. & S. R. R. Co.,* 130 App. Div. 238, 197 N. Y. 540.)

*Frank P. Luongo* for La Salle Trucking Corporation, defendant-appellant. I. There was no negligence in the operation of this appellant's truck. II. The infant was guilty of contributory negligence, as a matter of law. (*Levy* v. *City of New York,* 255

App. Div. 857, 280 N. Y. 637; *Hart* v. *Town of Brookhaven*, 261 App. Div. 923.)

*George J. Stacy* and *Joseph Kane* for Ridge Contracting Co., Inc., defendant-appellant. I. The case was improperly submitted to the jury upon erroneous theories. (*Phillipson* v. *Ninno*, 233 N. Y. 223; *Greenberg* v. *Schlanger*, 229 N. Y. 120; *Hawn* v. *Malcolm*, 171 App. Div. 120; *Booth* v. *Meyer*, 256 App. Div. 831; *Tapley* v. *Ross Theatre Corp.*, 246 App. Div. 559; *Assalone* v. *Hazel*, 243 App. Div. 176; *Piper* v. *New York State Railways Co.*, 185 App. Div. 184.) II. There was no failure of duty on the part of appellant Ridge Contracting Co. (*Boylhart* v. *Di Marco & Reimann, Inc.*, 270 N. Y. 217; *Hyman* v. *Barrett*, 224 N. Y. 436; *Martin* v. *Pettit*, 117 N. Y. 118; *Macauley* v. *Barr & Lane, Inc.*, 264 App. Div. 741.) III. Appellant Ridge Contracting Co. is not responsible for the operation of the truck by Queeno. (*Haykl* v. *Drees*, 247 App. Div. 90, 272 N. Y. 577; *Fritz* v. *Krasne*, 273 N. Y. 649; *Brown* v. *Steamship Terminal Corp.*, 267 N. Y. 83; *Bartolomeo* v. *Bennett Contracting Co.*, 245 N. Y. 66; *Charles* v. *Barrett*, 233 N. Y. 127; *Irwin* v. *Klein*, 271 N. Y. 477; *Cullen* v. *Thomas*, 153 App. Div. 797; *O'Loughlin* v. *Mackey*, 182 App. Div. 637.)

*Edward A. Harmon* and *William E. Lowther* for Ridgelawn Homes, Inc., defendant-respondent. Ridgelawn Homes, Inc., was guilty of no negligence. (*Schwartz* v. *Merola Bros. Construction Corp.*, 290 N. Y. 145; *Weinfeld* v. *Kaplan*, 282 N. Y. 348; *Moore* v. *Wills, Inc.*, 250 N. Y. 426; *Briggs, Inc.*, v. *N. Y. Public Library, etc., Foundations*, 260 App. Div. 218; *Levy* v. *Socony-Vacuum Oil Co.*, 260 App. Div. 1044; *Schneyer* v. *Leblang Realty Corp.*, 248 App. Div. 175; *Latini* v. *Zavodnick*, 254 N. Y. 346; *Hyman* v. *Barrett*, 224 N. Y. 436.)

*Per Curiam.* The judgment in favor of the plaintiff and against the defendants, Ridge Contracting Co., Inc., and La Salle Trucking Corporation should be affirmed, with costs. On this record we think it was error for the Appellate Division to reverse the judgment of Trial Term as to the defendant Ridgelawn Homes, Inc. From the nature of the work — involving the backing of heavy dump trucks across a public sidewalk — a question of fact was presented whether the duty imposed upon

the owner of the property was nondelegable and whether the owner met the standard of care thus required. (*Boylhart* v. *Di Marco & Reimann, Inc.*, 270 N. Y. 217, 221; *Schwartz* v. *Merola Bros. Construction Corp.*, 290 N. Y. 145, 152.) The plaintiff should be granted a new trial as against the defendant Ridgelawn Homes, Inc., with costs to abide the event.

As to the defendants Ridge Contracting Company, Inc., and La Salle Trucking Corporation, the judgment should be affirmed, with costs; as to the defendant Ridgelawn Homes, Inc., the judgments should be reversed and a new trial granted, with costs to abide the event.

LOUGHRAN, RIPPEY, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur; LEHMAN, Ch. J., dissents as to Ridgelawn Homes, Inc., and votes to affirm.

Judgment accordingly.