■ IVA A. WILKINSON, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 30980.) — Same decision and like cause of action as in companion case of *Wilkinson* v. *State of New York* (9 A D 2d 859).

■ FRANK BRATT et al., Appellants, v. MIDLAND ASPHALT CORPORATION, Respondent.— Judgments and order affirmed, with costs. All concur, except Bastow and Halpern, JJ., who dissent and vote for reversal on the law and facts and for granting a new trial in the following memorandum: Upon the evidence in this case it was error for the trial court to charge as a matter of law that the codefendant trucker was an independent contractor and not a servant of the defendant-respondent for whose negligence the latter might be vicariously liable under the doctrine of *respondeat superior.* The tests to be applied have been frequently stated. (Restatement, Agency 2d, § 220; 2 Harper & James, Law of Torts, § 26.11; Prosser, Torts [2d ed.], pp. 351–354.) The nature of the relationship was a question of fact to be determined by the jury (cf. *Johnson* v. *R. T. K. Petroleum Co.,* 289 N. Y. 101; *Rich* v. *Colony Fuel Oil Co.,* 277 App. Div. 888). The trial court further erred in refusing to charge that liability could be imposed upon the defendant-respondent, even if the codefendant trucker was an independent contractor, if the former knew or should have known that the trucker "was overloading his truck" and that the truck "had a defective left front tire." (Restatement, Torts, § 411, comment a; Mechem, Outlines of Agency [4th ed.], § 494; *Kuhn* v. *Carlin Constr. Co.,* 154 Misc. 892; cf. *Rosenberg* v. *Schwartz,* 260 N. Y. 162, 166; *Katapodis* v. *La Salle Trucking Corp.,* 293 N. Y. 229.) (Appeal from two judgments of Chautauqua Trial Term for defendant for no cause of action. The order denied a motion for a new trial in a negligence action.) Present — McCurn, P. J., Kimball, Williams, Bastow and Halpern, JJ.