Archibald O. Wemple, J.
The facts of the case are simple. The defendant purchased a 1959 auto from plaintiff’s assignor under a retail installment contract. At the time of the sale there existed an outstanding chattel mortgage against the automobile which had been filed in the assignor’s county of residence. Thereafter the conditional sale contract was assigned to plaintiff who paid $3,000 for it. Some three weeks thereafter the defendant received notice of the existence of the chattel mortgage. Later the plaintiff sued the defendant to recover money damages *988 for breach of the assigned contract. By the terms of the contract the defendant agreed not to set up any claim or defense against the assignee that he might have against the assignor. The defendant now claims that the assignor fraudulently represented that he had title to the auto when in fact he did not, and that the defense of fraud cannot be waived. The plaintiff contends that the defense of fraud may be waived by contract or conduct.
Both the attorney for the plaintiff and attorney for the defendant cite the case of President & Directors of Manhattan Co. v. Monogram Associates, (276 App. Div. 766) as the leading authority in this State on this point of law. The plaintiff’s attorney recognizes that the language of the court damages his own case when they say, ‘ ‘ where * * * the waiver of defense clause is embodied within the contract which is claimed to have been fraudulently obtained, the fraud which vitiates the contract also vitiates the waiver of defense clause contained within it ”. However, he tries to rehabilitate his case by claiming that the court recognized the principle of estoppel by conduct, and that the defendant in this case is deprived of raising the defense of fraud by his conduct.
It does not appear from any of the moving papers what conduct the defendant was guilty of which could or would prevent him from asserting the defense of fraud. The principle in the cited case is well taken, and has been a part of our law for a long time. (Wilcox v. Howell 44 N. Y. 398.) The defendant must have acted affirmatively, knowingly, and intentionally, and the plaintiff must have relied on such action before estoppel by conduct would become operative. (Eaton v. Laurel Delicatessen Corp., 5 A D 2d 590.)
The plaintiff claims that the court in President & Directors of Manhattan Co. v. Monogram Associates (supra) enumerated certain conduct which would deny summary judgment, and inferentially if these facts did not exist, then summary judgment must be granted. This court disagrees with the plaintiff’s interpretation of that case. The language of the decision recognized estoppel by conduct, but denied summary judgment on the ground that there are other questions of fact to be decided including fraud, and it was not necessary for the court to go into the defendant’s conduct. As noted in the decision above referred to, there may be herein questions of fact or issues arising out of the circumstances and representations made at the time of contract. The language of the case heretofore quoted is too compelling to grant plaintiff’s motion for summary *989 judgment. Certainly the defense of fraud may he raised here, and any and all issues of fact relevant thereto tried out.
The arguments of counsel and briefs filed herein were exceptionally well presented and deserve judicial commendation. Summary judgment denied.