■ MOHAWK NATIONAL BANK OF SCHENECTADY, NEW YORK, Appellant, v. JAMES E. CHALIFAUX, Respondent.— Order reversed on the law and the facts and motion by plaintiff for summary judgment granted on the authority of *Bankers Commercial Corp.* v. *Guerra* (11 A D 2d 654); (see Personal Property Law, § 302, subd. 9); without costs. Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ., concur. [33 Misc 2d 987.]

■ SEALTEST FOODS DIVISION OF NATIONAL DAIRY PRODUCTS CORP., Appellant, v. MONA HURD et al., Respondents.— This is an appeal by the plaintiff from a verdict of no cause of action following a jury trial. The facts disclose that for a period prior to August 22, 1960, the plaintiff had shipped its products to distributors by trucks owned by Robert L. Mineah, doing business as Robert Mineah Trucking. On the day of the accident, which happened on Route 17, Mona Hurd, operator of the automobile owned by the defendant Harry L. Hurd, Jr., attempted to make a left turn into a private road as the Mineah truck, loaded with plaintiff's dairy products, was passing. The collision resulted in substantial damage to plaintiff's goods. The defendants, in their answer, set forth a separate defense that the damage was caused or contributed to by the negligence of the plaintiff and the negligence of the truck driver and owner, plaintiff's agents, servants and/or employees. The plaintiff's witnesses testified that pursuant to oral agreements of Robert Mineah with certain dealers in Sealtest products, plaintiff would load products as ordered by its dealers upon Mineah's trucks and his employees would then transport the goods to the dealers. He billed the dealers for such transportation as per tariffs filed with the Public Service Commission and the dealers paid him directly. His tariffs also included transportation of returns to Sealtest, but this was paid for by the dealers and not by Sealtest. Mineah's employees were paid directly by him and it does not appear that Sealtest had any control over the employees. He hauled only Sealtest products. His employees drove three days per week and on the other days performed maintenance of the trucks. The dealers called their orders in to Sealtest and not directly to Mineah. On this appeal plaintiff contends that the court should not have submitted the question of relationship to the jury but should have granted the motion for a directed verdict at the close of all the evidence. The defendants contend that the element of control could be inferred from the circumstances that the trucks only carried Sealtest products, hauling solely for the plaintiff on a regular schedule, and that the truck owner did not absorb any of the losses for spoilage or breakage. We determine that on this present record the jury finding of control implicit in the verdict was against the weight of evidence. The factual situation and the proof in *Johnson* v. *R. T. K. Petroleum Co.* (289 N. Y. 101) relied upon by the defendants, is distinguishable from the present case. We are unable to determine as a matter of law that the defendants were guilty of negligence. There being a general verdict, there is no way of knowing the manner in which the jury arrived at its verdict and accordingly, there must be a new trial. In the event of such trial, there should be special questions submitted to the jury as to the affirmative defense contained in the answer and as to the question of negligence. Judgment reversed, on the law and the facts, and a new trial granted, with costs to abide the event. Bergan, P. J., Coon, Gibson and Herlihy, JJ., concur; Taylor, J., concurs in the result.