■ JOSEPH OLESKER, Respondent, v. SOCONY MOBIL OIL COMPANY, INC., et al., Appellants.— In an action to recover damages for personal injury, in which the defendant Socony Mobil Oil Company, Inc., asserted a cross claim against the defendant Harry V. Franklin for recovery over in its favor in the event of an adverse judgment in the plaintiff's favor against it, both defendants, appeal from so much of a judgment of the Supreme Court, Westchester County, entered December 11, 1963 after trial upon a jury's verdict, as awarded damages in favor of the plaintiff against them. Judgment modified on the law and the facts: (1) by deleting from its first decretal paragraph the provision directing recovery by plaintiff from the defendant Socony Mobil Oil Company, Inc.,; (2) by deleting its second decretal paragraph which directs recovery over in favor of said defendant Socony on its cross claim against the defendant Franklin; and (3) by adding a new decretal paragraph providing for the severance of the main action by the plaintiff as against the defendant Socony and the severance of said defendant's cross claim against the defendant Franklin; and new trial granted: (a) as between the plaintiff and the defendant Socony, limited solely to the issue of liability; and (b) if necessary (as the case may be), as between the defendant Socony and the defendant Franklin on the cross claim. As so modified, the judgment, insofar as appealed from by the respective parties, is affirmed, with costs to the plaintiff as against the defendant Franklin. Upon the evidence presented, it is our opinion: (1) that the issues of the defendant Franklin's negligence and the causation of the accident by that negligence were properly submitted to the jury as questions of fact; and (2) that the jury's verdict based upon the facts and the inferences reasonably to be drawn therefrom that the injury was caused in the manner described by the plaintiff's witnesses, was not against the weight of the evidence. With respect to the liability of the defendant Socony, however, we are of the opinion that, although the learned Trial Judge correctly refused to hold as a matter of law that Franklin was an independent contractor rather than a servant of Socony (cf. *Johnson* v. *R. T. K. Petroleum Co.,* 289 N. Y. 101), the jury's verdict in plaintiff's favor against Socony should be set aside as contrary to the weight of the evidence. Upon the present record, the evidence does not permit a finding that the relationship between the defendants was that of employer and employee rather than principal and independent contractor, so as to impose liability upon Socony under the doctrine of *respondeat superior.* The Trial Judge properly charged that Socony could not be held liable for the acts of Franklin unless " Socony had the right to control the conduct of Franklin." In our opinion, the proof does not support any conclusion that Socony either exercised or had the right to exercise such control as would create a master-servant relationship,

Since such evidence may be available to the plaintiff, a new trial is granted. Beldock, P. J., Brennan, Hill, Rabin and Benjamin, JJ., concur.