# SUPREME COURT.

## JAMES B. TAYLOR agt. JONATHAN CRANE and others.

The action of *ejectment* under the Revised Statutes, is to all intents and purposes a *possessory* action. The plaintiff when successful recovers the possession. If the plaintiff has the possession, there can be no need to invoke the aid of the courts to award to him that which he has already.

It is true the *verdict* is to specify the *estate* which shall have been established on the trial by the plaintiff, and unless set aside and vacated pursuant to the statute, it ultimately determines the right and the title, which a verdict in ejectment did not determine before the Revised Statutes; but it does this through the action of ejectment, which up to that time was purely and strictly a possessory action.

Taylor agt. Crane and others.

The parties *defendants* in an action of ejectment, are: 1st. The occupant, when the premises are actually occupied. 2d. When the premises are not actually occupied, then the person exercising acts of ownership; or 3d. A person claiming title thereto or some interest therein at the commencement of the suit.

Whatever may be the condition of the defendants, whether in the actual occupation, or out of the occupation, and exercising acts of ownership, or simply and purely claiming the title, the plaintiff's condition in respect to his ability to maintain the action remains as it was. He at least must be out of the possession. The possession must be unlawfully withheld from him, and that fact must affirmatively appear upon the *face of the complaint.*

The complaint in this case held defective on the ground that the plaintiff alleged seizin and *possession*, and claimed possession, &c., but did not allege that he lost and was deprived of the possession of the premises, to which the defendants claimed title, which the defendants still unlawfully withheld from him.

*Brooklyn Special Term, February,* 1858.

DEMURRER to complaint in an action of ejectment.

A. J. PROVOST *and* J. M. VAN COTT, *for defendants.*
E. W. STOUGHTON, *for plaintiff.*

BROWN, Justice. Notwithstanding the provisions contained in sections 36 and 38 of the Revised Statutes, concerning the action of ejectment, declaring that the judgment under certain limitations shall be conclusive upon the title, it is still to all intents and purposes a possessory action. The plaintiff when successful recovers the possession. "The action of ejectment is retained, and may be brought in the cases and in the manner heretofore accustomed," subject to the provisions of the act. (*Section* 1.) "No person can recover in ejectment, unless he has at the time of commencing the action a valid subsisting interest in the premises claimed, and a right to recover the same, or to recover the possession thereof," &c. (*Section* 3.) He must "aver in his declaration, that on some day therein specified, which must be after his title accrued, he was possessed of the premises in question, describing them as hereinafter provided, and being so possessed thereof, that the defendant afterwards on some day to be stated, entered into such premises, and that he unlawfully withholds from the plaintiff

the possession thereof," &c. (*Section* 7.) " The defendant may demur to the declaration as in personal actions, or he shall plead the general issue only, which shall be that the defendant is not guilty of unlawfully withholding the premises claimed by the plaintiff as alleged in the declaration." (*Section* 22.) " It shall be sufficient for the plaintiff to show a right to the possession of such premises at the time of the commencement of the suit, as heir, devisee, purchaser, or otherwise." (*Section* 25.) Section 30th provides what the verdict shall be when all the plaintiffs show a right to recover possession of the premises, when one or more have such right, and when one or more have no such right, and when it is for undivided shares, &c. Section 33 directs the form of the judgment when the plaintiff prevails, which " shall be that the plaintiff recover the possession of the premises," &c. And section 34 gives the form of the writ in execution of the judgment, which is that the sheriff " deliver to the plaintiff possession of the said premises so recovered, with the appurtenances." All these provisions have reference to the recovery of the possession, and imply that the plaintiff is out of, the possession and is seeking to recover it. If he, however, has the possession, there can be no need to invoke the aid of the courts to award to him that which he has already.

It is true the verdict is to specify the estate which shall have been established on the trial by the plaintiff, and unless set aside and vacated pursuant to section 37, it ultimately determines the right and the title which a verdict in ejectment did not determine before the Revised Statutes, but it does this through the action of·ejectment, which up to that time was purely and strictly a possessory action.

If the premises are actually occupied, the occupant must be made a defendant. (*Section* 4.) This was the old rule, and the case of *Doe* agt. *Stanton*, (2 *Barn. & Ald.* 371,) turned upon the point whether the defendant was in the situation of servant to another, or in the possession as tenant. The latter clause of section 4, is an innovation upon the old practice. It enables a plaintiff to maintain an action for the recovery of lands,

Taylor agt. Crane and others.

which are not actually occupied, but it leaves him in other respects in the same condition as if this clause had been omitted. "If the premises are not so occupied, the action must be brought against some person exercising acts of ownership on the premises claimed, or claiming title thereto or some interest therein at the commencement of the suit."

The defendants then are, 1st. The occupant when the premises are actually occupied. 2d. Where the premises are not actually occupied, then the person exercising acts of ownership. Or, 3d. A person claiming title thereto or some interest therein at the commencement of the suit. (*Vide Shaffer agt. McGraw*, 12 *Wendell*, 558; *Banyer agt. Empie*, 5 *Hill*, 48.) It is no longer necessary to prove an actual ouster except when the action is brought by one tenant in common against a co-tenant, in which case an ouster must be proved, or some act amounting to a total denial of the plaintiff's right. If the action be against several defendants and a joint possession of all be proved, the plaintiff shall have a verdict against all, whether they have pleaded separately or jointly. (*Section* 28.)

These references prove, I think, that whatever may be the condition of the defendants, whether in the actual occupation, or out of the occupation, and exercising acts of ownership, or simply and purely claiming the title, the plaintiff's condition in respect to his ability to maintain the action, remains as it was. He at least must be out of the possession. The possession must be unlawfully withheld from him. And that fact must affirmatively appear upon the face of his complaint.

A person in the possession of real property suffers no actual injury from a claim of title by another person out of possession. And if the former desires to have the claim determined, he may effect his object by proceedings under the statute, "to compel the determination of claims to real property in certain cases." If the party claiming should enter upon his possession and exercise acts of ownership, his remedy is by an action of trespass. A party out of the possession cannot maintain trespass, and this is the reason why a party in that condition with a good title, must first resort to his action of ejectment, and ob-

Taylor agt. Crane and others.

tain the possession, before he can recover for an injury done to the estate. It would be absurd to adjudge that a plaintiff should recover the possession of that of which he was possessed already, which anomaly must result from permitting a plaintiff to maintain his action when there has been no other disturbance of his possession, but the exercise of acts of ownership or a claim of title. Acts of ownership and a claim of title are some evidence of possession. Indeed, when the premises are unoccupied, they are often the only available evidence of the possession. They are, however, only evidence of the fact, and not the fact itself; because there may be occasional entries and the exercise of occasional acts of ownership and claim of title, while possession remains in another person.

The defect in the complaint in this action—if there be one—consists in this, that the plaintiff shows himself in the possession of the premises claimed. He first states, "that on the 1st day of September, 1855, he was seized in fee simple and possessed of all," &c., describing the premises by metes and bounds. And "after he became seized and possessed, the said defendants claimed and now claim title to, or some interest in the northern portion of the said premises, lying north, &c., and have exercised and do exercise acts of ownership over the same, or some part thereof, in violation of the right and title of the plaintiff," and concludes with the usual prayer that he may recover the possession, &c. He does not say, as I think he should have said, that thereby he lost and was deprived of the possession of that portion of the premises upon which the acts of ownership were exercised, and to which the defendants claim title, which the defendants still unlawfully withhold from him. For this reason, I think the complaint materially defective. The latter clause of section 4 of the statute was intended to give a plaintiff having the title and a right of entry, and who was out of the possession, authority to maintain an action and recover lands in ejectment where there was no actual occupation, against a person exercising acts of ownership, or claiming title to land. And this,

I think, is its sole purpose and office. (*Vide Warner* agt. *Nelligar*, 12 *Howard P. R.* 402, and *Ensign* agt. *Sherman*, 13 *id.* 35, where this question is incidentally referred to.)

The defendants must have judgment upon the demurrer. With leave to the plaintiff to amend within twenty days, upon the usual terms.