No. 8275.

LOVELY ET AL. *v.* SPEISSHOFFER.

SHERIFF'S SALE.—*Return.*—A proper sale of lands by a sheriff, by virtue of a proper decree issued to him authorizing it, and a sufficient deed

made by him at the proper time, there having been no redemption, vest a good title in a stranger who purchases, as against the defendants in the decree, though the sheriff, by mistake, fails to endorse a return on the decree in his hands.

SAME.—*Collateral Attack.*—*Ejectment.*—In ejectment by the purchaser at sheriff's sale, against the defendant in the execution, the latter can not attack the sale save for causes which render it, not voidable merely, but absolutely void.

EJECTMENT.—*Complaint.*—*Title.*—A complaint for the possession of lands, which, by the facts averred, shows title in the plaintiff, without stating the conclusion that he is owner, is good on demurrer.

PLEADING.—*Prayer for Relief.*—A complaint, alleging facts which entitle the plaintiff to some relief, is good on demurrer, and is not vitiated by a prayer for the wrong relief.

NEW TRIAL.—*Causes.*—" Error of law occurring at the trial as hereafter set forth, and excepted to by the defendant," is not sufficiently specific, as a cause for a new trial, to present any question.

From the Marshall Circuit Court.

*J. S. Frazer* and *W. B. Hess,* for appellants.

*M. A. O. Packard* and *O. M. Packard,* for appellee.

ELLIOTT, J.—The second paragraph of the appellee's complaint alleges that one Samuel Miller obtained two decrees of foreclosure against Noble D. Lovely, then in life, and Angeline Lovely, his wife; that these decrees ordered the sale of certain parcels of real estate, and, among them, the one here in controversy; that the sheriff duly advertised and sold the property, according to law, and the appellee became the purchaser; that it was. not redeemed, and, at the expiration of one year from the day of sale, he received a deed from the sheriff. It is also alleged that the sheriff sold the property on the proper decree, but, by mistake, made his return on the wrong certificate; and that the appellants are wrongfully in possession, claiming title.

We think this paragraph is good. It shows a valid sale, and the delivery of a sufficient deed. The mistake in endorsing the return on the wrong decree did not make the sale void; in fact, the failure of the sheriff to make any return at

all would not, of itself, have invalidated the sale. *State, ex rel.,* v. *Salyers,* 19 Ind. 432.

It is said that the pleading is bad because it does not allege ownership. This objection is not well founded. The facts are stated which show the appellee's title, and this is sufficient, without stating the mere general conclusion which results from the application of the law to these facts.

It is also said that the complaint prays that the sheriff may be compelled to correct the mistake in his return, and that, as courts have no authority to compel the sheriff to do this, the pleading is bad. We need not enquire whether the appellants are right in their statement of the rule as to the power of the court over the sheriff, for it is plain that if they were correct the conclusion deduced would not follow. If it were conceded that so much of the pleading as seeks an order against the sheriff was bad, it would still repel a demurrer, for the facts show the plaintiff entitled to some relief, and, where this is so, a demurrer will not lie. *Bayless* v. *Glenn,* 72 Ind. 5; *Teal* v. *Spangler,* 72 Ind. 390.

The first and third reasons stated in the motion for a new trial are the usual ones, that the finding is contrary to the law and the evidence. The second is thus assigned: " *Second.* For error of law occurring at the trial of said cause as hereafter set forth, and excepted to by the defendants." This is not sufficient to present any question, and we are therefore only required to consider such as are presented under the first and third reasons.

The evidence shows the decree of a court of competent jurisdiction; the issue and delivery of a certified copy thereof to the sheriff; advertisement and sale; payment of the purchase-money, and the execution of a certificate and deed. This was abundantly sufficient to show title in the appellee.

The general rule is that a third person who purchases at a sheriff's sale is not affected by irregularities in the proceedings of the sheriff. There is certainly no such irregularity here shown as would justify the court in declaring the sale

void. The error of the sheriff in endorsing the return on the wrong decree could not have possibly harmed any one, for the certificate and the deed showed what property was sold. Indeed, as we have already seen, if the sheriff had made no return at all the sale would have been valid.

It is contended that the sheriff did not sell the property in the order directed by the decree. We are inclined to think that the construction placed upon the decree by the sheriff is correct, and that the sale was made in strict accordance with its provisions. At all events, it is quite clear that there was no such departure as worked injury to the parties, and, where this is so, the title of such a purchaser as the appellee should be sustained.

It is now settled that an execution defendant can not successfully defend an action brought to recover possession of land purchased at a sale made by the sheriff, without showing that the sale was void. A sale that is merely voidable can not be collaterally attacked. *Jones* v. *Kokomo, etc., Co.*, 77 Ind. 340.

The appellants utterly failed to show any irregularity or misconduct which would render the sale void, and the court below did right in rendering judgment against them.

Judgment affirmed.