(20 App. Div. 224.)

### BULGER v. COYNE et al.

(Supreme Court, Appellate Division, Fourth Department.  July 30, 1897.)

COMPLAINT—SUFFICIENCY.

> A complaint alleging that complainant is the sole owner of the property described; that he has demanded possession of defendants, and they have refused to surrender it; that the property has been occupied by defendants between certain dates, and they owe plaintiff a certain amount in rents; that plaintiff has the right to immediate possession; that defendants have no lease or contract of the property; that plaintiff has notified them in writing to remove from it; and demanding that the property be decreed the sole property of plaintiff, and that he have judgment for the unpaid rents, and immediate possession,—states no cause of action; the nature and terms of the tenancy, if any, not being shown, and it being left to conjecture what kind of an action has been instituted.

Appeal from Oneida county court.

Action by Patrick F. Bulger against John Coyne and another. From a judgment for plaintiff, entered March 23, 1897, also bringing up for review an interlocutory judgment entered February 23, 1897, overruling demurrer to complaint, defendants appeal.    Reversed.

Argued before HARDIN, P. J., and ADAMS, GREEN, and WARD, JJ.

A. T. Wilkinson, for appellants.

P. F. Bulger (W. & N. E. Kernan, of counsel), in pro. per.

WARD, J.    The plaintiff's complaint set forth as follows:

"The complaint of the plaintiff alleges and avers that the plaintiff is the sole owner of the property hereinafter described; that he has demanded possession of the same from defendants, and they have refused to surrender the same to plaintiff; that the said property has been occupied by the said defendants as tenants from May, 1892, and that they owe the plaintiff $245 in unpaid rent; that the plaintiff has the right to immediate possession of said property; that they (the said defendants) have no lease or contract of said property; that the plaintiff has notified them in writing to remove from the same. [Here follows a description of a lot in the city of Utica, N. Y., properly describing it.] The plaintiff demands judgment and decree that the property be declared his, as the record shows it to be the sole property of the plaintiff, and that the defendants Coyne and their family be decreed to have no interest in said property, and to remove therefrom, and that the plaintiff have judgment for $245 unpaid rent, and have immediate possession of said property, and the costs of this action."

The defendants demurred upon two grounds:  First, that it appears upon the face of said complaint that said complaint does not state facts sufficient to constitute a cause of action; second, that it appears upon the face of said complaint that two or more causes of

action have been improperly united, because an action to recover real property, usually called an "action in ejectment," is united with an action to determine a claim to real property, usually called an "action to quiet title," and also with an action upon contract to recover a sum of money for rent. The court at special term overruled the demurrer, and judgment was entered upon the decision, and the defendants appeal to this court.

As far as can be determined from the crude and very informal allegation of the complaint, the pleader intended to set forth a cause of action to recover the possession of the premises for the nonpayment of rent, which nonpayment had caused a forfeiture of the term, and terminated the tenancy. That being so, the question arises whether the complaint states a cause of action in favor of the plaintiff, as landlord, against the defendants, the tenants, in ejectment. The nature of the tenancy thus claimed to be terminated does not appear. No term is stated. No contract of leasing is set forth. The statement simply is "that the said property has been occupied by said defendants as tenants from May, 1892, and they owe the plaintiff $245 in unpaid rent." In this statement it does not appear whose tenants the defendants are, nor does it appear that the unpaid rent is due. No intelligent idea of the renting of the premises can be obtained from this statement. Again, the complaint alleges "that they, the said defendants, have no lease or contract of said property." Does this mean that the tenants never had any lease or contract, and were simply trespassers, or does it mean that, once having a lease or contract, it has expired, and the tenants are holding over without the landlord's consent? We are left to conjecture as to what kind of an action, if any, the plaintiff has instituted. The Code of Civil Procedure (section 481, subd. 2) requires a plain and concise statement of the facts constituting each cause of action. The statement of facts must be intelligent and clear, and without unnecessary repetition, pointing to the exact cause of action upon which the plaintiff relies. Judge Finch says, in Cook v. Warren, 88 N. Y. 40:

"We ought not to encourage loose or ambiguous pleading. The complaint is required to state plainly and concisely the facts constituting a cause of action. The pleader may not aver a legal conclusion as an equivalent for the group of separate facts from which it is an inference. The allegation should be such, and so stated, as to permit a distinct traverse, and evolve a definite issue. Although pleadings are to be construed liberally, that does not necessarily mean that they shall be held to say what they do not, nor that words which have a fixed legal meaning, settled by the common law or by statute, shall be enlarged or modified by an inaccurate popular use."

A glance at this complaint would leave the impression that the learned judge had a similar one in view in making this statement. It is fundamental that the tenancy should be terminated either by the terms of the lease or contract creating it, or, in cases where notice is required to terminate the tenancy, that notice shall be given as in case of a tenancy from year to year, at will, or at sufferance. In any event, the complaint should set forth the kind of tenancy, when created, and the facts constituting the termination of that tenancy upon which the pleader relies to establish the default of the tenant and his liability to be deprived of the possession of the property that

he occupies.    It is said in Waite's Actions and Defenses (volume 3, at page 54):

"The right to terminate a lease for nonpayment of rent arises only upon express agreement. In order to secure that remedy, therefore, it has become almost a universal custom to insert in leases a covenant to pay rent at stated times with a right of re-entry in case of breach or an equivalent condition making the failure to pay a ground of forfeiture."

See, also, 1 Fiero, Spec. Act. p. 98, and cases there cited.

At common law, where ejectment was brought for the nonpayment of rent, a strict demand of the rent was required with great nicety on the precise day, and for the precise amount required.    Ger. Real Estate (2d Ed.) p. 195.    But this strictness was dispensed with (4 Geo. II. c. 28) in England where there were six months' rent in arrears, and no sufficient distress upon the premises to countervail such arrears, but in all other cases these formalities should still be complied with.    The substance of this statute appeared in the Revised Statutes of the State of New York (2 Rev. St. p. 505, § 30), and is now contained in the Code of Civil Procedure in section 1504, which is as follows:

"When six months' rent or more is in arrear, upon a grant reserving rent, or upon a lease of real property, and the grantor or lessor, or his heir, devisee, or assignee has a subsisting right by law to re-enter for the failure to pay the rent, he may maintain an action to recover the property granted or demised, without any demand of the rent in arrear or re-entry on the property."

Section 1505 of the Code provides that, where a right of re-entry is reserved and given to a grantor or lessor of real property in default of a sufficiency of goods, etc., an action to recover the property demised as rented may be maintained at any time after default in the payment of the rent, provided the plaintiff, at least 15 days before the action is commenced, serves upon the defendant a written notice of his intention to re-enter, etc.    These sections of the Code seem to contain all the modifications of the common-law rule on the subject under our system of practice.    Where the complaint stated, in substance, that the defendant was indebted to the plaintiff in the sum of $300 for the use and occupation of certain lands therein described, being the property of the plaintiff, for and during a specified period, for which the plaintiff claimed $300, held to be bad on demurrer.    An action for use and occupation is founded on contract, express or implied, and lies only when the relation of landlord and tenant exists.    A complaint which merely alleges that the defendant is indebted to the plaintiff in a certain sum is not sufficient.    Hall v. Southmayd, 15 Barb. 32.    This complaint, it will be seen, was much more specific than the one at bar.    It is possible that the allegation in the complaint that the plaintiff is the sole owner of the property sought to be recovered may be held as equivalent to the allegation that the plaintiff is the owner in fee or in fee simple, under Murphy v. Loomis, 26 Hun, 659; Johnson v. Crookshanks, 21 Or. 339, 28 Pac. 78; Garwood v. Hastings, 38 Cal. 216; Lovely v. Speisshoffer, 85 Ind. 454,—but the use of this expression should not be encouraged.    It is possible, also, that the allegation of the plaintiff's right to immediate possession is equivalent to the

allegation that the defendants wrongfully withhold the premises, under Alvord v. Hetsel, 2 How. Prac. (N. S.) 88, Taylor v. Crane, 15 How. Prac. 358, Platto v. Jante, 35 Wis. 629, and kindred cases. But we cannot hold these allegations sufficient to sustain this complaint, because they must be construed in connection with the allegations in the complaint as to the tenancy, because upon those allegations the pleader must stand in asserting the possession of the defendant, and the right of the plaintiff to immediate possession must depend upon whether the tenant's right to possession had been terminated. In no aspect, therefore, can we hold that this complaint is sufficient.

The defendant's second ground of demurrer—that two or more causes of action have been improperly united, because it appears by the complaint that an action of ejectment is united with an action upon a contract to recover a sum of money for rent—is disposed of by what we have said in regard to there being no cause of action set forth in the complaint. There being none whatever alleged, there cannot be an improper joinder. It is proper, however, that we should say that the provision in the judgment appealed from whereby it is adjudged that the plaintiff recover of the defendants $245, his damages for the withholding of the premises, is erroneous. The learned judge at special term overruling the demurrer by his decision did not authorize this judgment, and it is not authorized by the complaint in the action. By section 1507 of the Code of Civil Procedure it is provided that "a verdict, report, or decision in favor of the plaintiff must fix the amount of rent in arrear to the plaintiff, or, if judgment is taken by default, the amount thereof must be ascertained by or under the direction of the court." The court, as we have seen, gave no such direction. This section would seem to contemplate that in cases of default the court must ascertain by proof the amount in arrear of the rent in some proper manner, as in other cases of default.

The interlocutory judgment should be reversed, with costs, and the demurrer sustained, with costs, with leave to the plaintiff to amend his complaint within 20 days upon the payment of the costs of the demurrer and of this appeal. All concur.