JAY R. EARL, Respondent, *v.* RAYMOND A. NALLEY, Appellant.

Third Department, March 31, 1948.

*W. W. Bullis* for appellant.

*Hamblin and Leggett* for respondent.

BREWSTER, J.   In this action in ejectment the respondent landlord has had judgment against the appellant tenant in possession of premises demised by a written lease wherein the landlord reserved a right of re-entry for nonpayment of rent.

An installment of rent became due July 1, 1946, on which day it was not paid and during which day the landlord told the tenant that he " expected " it, and refused the latter's request for a short extension of time within which to pay.   On the following day the landlord executed a written notice that he exercised his election to terminate the lease because of the nonpayment of said installment of rent, and this he caused to be served personally upon the tenant on the ensuing day.   The provisions of the lease gave such an election to the landlord.

This action was commenced September 3, 1946, and the landlord having made no prior re-entry, its commencement constituted a re-entry (*Samson* v. *Rose,* 65 N. Y. 411; *Janes* v. *Paddell,* 74 Misc. 409), at which time the rent in arrear under the lease amounted to $400.

Prior notice of the bringing of the action was not dispensed with by section 997 of the Civil Practice Act because " six months' rent or more " was not then in arrear.   The fifteen-day written notice of an intention to re-enter, prior to the commencement of the action, provided for by section 998 of the said act, and which was not given, does not seem to have been required because, in terms, and as it has been authoritatively construed, that notice is required only where the right of re-entry is given " * * * in default of a sufficiency of goods and chattels whereon to distrain for the satisfaction of any rent due * * * " (*Cruger* v. *McLaury,* 41 N. Y. 219, 222; *Martin* v. *Rector,* 118 N. Y. 476, 483), and in this case the right of re-entry is given for a broken covenant, viz.: nonpayment of rent.   Thus

it is immaterial whether or not it may be said that the appellant tenant waived such notice under a clause in the lease whereby waiver was made of a notice referred to as follows, viz.: "  *   *   * as provided for in the third section of an Act entitled, ' An act to Abolish Distress for Rent,   *   *   *,' passed May 13, 1846." (L. 1846, ch. 274, § 3), which statute was the prototype of section 998 of the Civil Practice Act. (L. 1880, ch. 178, tit. 1, art. 1, § 1505; Code Civ. Pro., § 1505). It seems curious that the present statutes should have made no other provisions as to notice of re-entry except to dispense with it where six months' rent or more is in arrear and to only require it in a case where the right is dependent upon facts which would render insufficient a remedy which was abolished in 1846. (L. 1846, ch. 274, § 1.) Thus, there being no applicable statutory regulations which differ from relevant common-law principles and rules, the latter govern. (*Butler* v. *Frontier Telephone Co.*, 186 N. Y. 486, 490; *Bulger* v. *Coyne*, 20 App. Div. 224, 227–228.)

At common law in a case such as the one at bar, a " common law demand " was a prerequisite to re-entry and its requirements were strict and elaborate, viz.: the demand for the precise amount of the rent had to be made on its precise due date, at the most notorious place on the demised premises, and generally before sundown, " that the money could be counted before night." (*Van Rensselaer* v. *Jewett*, 2 N. Y. 141, 5 Denio 121; *Martin* v. *Rector, supra,* 479–480; *Bulger* v. *Coyne, supra.*) Actions in ejectment against a tenant based on a right of re-entry for nonpayment of rent appear to have been seldom brought in recent times. The rights and remedies which have long since by statute been accorded a tenant ousted in ejectment, whereby he may regain possession and restoration of all the contractual provisions of the lease, seem to have dulled the effectiveness of the landlord's resort to such an action. Those provisions are now contained in sections 999–1003, inclusive, of the Civil Practice Act. They were derived without change from the Code of Civil Procedure (Code Civ. Pro., §§ 1506–1510, incl.), wherein they had been revised from provisions of the revised statutes (Rev. Stat. of N. Y., part III, ch. VIII, tit. IX, §§ 30, 32, 33, 38; see, also, L. 1788, ch. 36). Originally the revised statutes provided that the commencement of an ejectment action constituted sufficient notice as to demand and re-entry, where six months' or more rent was in arrear. (Rev. Stat. of N. Y., part III, ch. VIII, tit. IX, § 30; *Hosford* v. *Ballard,* 39 N. Y. 147, 150; *Janes* v. *Paddell,* 74 Misc. 409, 412, *supra.*) A counterpart of this is now section 997 of the Civil Practice Act. While these provisions nowhere

appear to have dispensed with the prerequisite of a common-law demand in the instant case, they present good reason, along with the progress of the times, for lessening its ancient rigors and formal niceties where, as here, all its requirements were substantially proven except that the demand for the rent was not shown to have been made upon the demised premises. We consider that there is ample proof that a sufficient demand was made.

The referee's decision and the judgment failed to conform to some of the aforesaid statutory requirements, viz.: sections 1000–1002 of the Civil Practice Act, inclusive. They should be amended and modified accordingly. The rent in arrear at the time of re-entry, viz.: the commencement of the action, should have been separately fixed and stated in the decision and in the judgment (Civ. Prac. Act, § 1000); and as such it can form no part of the damages for withholding for it derives from contract, and no cause of action for its recovery herein was pleaded or proven. (*Van Rensselaer* v. *Wright,* 121 N. Y. 626, 629; *Bulger* v. *Coyne, supra.*) The damages for withholding cover the period from the re-entry to judgment. There was no allegation or proof as to them other than the rentals stipulated in the lease, and while such were properly used to measure the withholding damages, as value of use and occupation (Civ. Prac. Act, §§ 990, 1001), they are in fact identical with the rent accrual subsequent to re-entry. Hence their recovery by execution, including costs, awarded by the judgment, should await the period accorded to the tenant by section 1001 of the Civil Practice Act within which he is granted privilege to pay them as a preliminary to redemption. The decision and judgment should be amended and modified accordingly, and as so modified, affirmed.

HILL, P. J., HEFFERNAN and RUSSELL, JJ., concur; DEYO, J., dissents, with the following memorandum: The lessor terminated the lease on July 3, 1946, as he had a right to do under the circumstances. The checks subsequently received and held by the lessor did not constitute payment. The referee awarded damages for withholding from the date of the termination of the lease measured by the amount which would have become due under the lease. This was proper under section 990 of the Civil Practice Act. The judgment should be affirmed.

The official referee's findings of fact numbered " 6 ", " 8 ", " 10 " and " 12 " are disapproved and in place thereof, respectively, the following findings are made, viz.:

6. That on July 3, 1946, the plaintiff exercised his option to terminate said lease and gave the defendant due notice thereof.

8. That the plaintiff exercised his right of re-entry on August 29, 1946.

10. That the amount of damages to which the plaintiff is entitled for the withholding of said premises from him by the defendant, measured by the value of use and occupation, amount to the rental as stipulated in the lease and is as follows: June 1, 1947, $200; July 1, 1947, $200; total, $400.

12. That since August 29, 1946, the defendant has withheld possession of the leased premises without legal right or authority.

A new finding of fact is made as follows:

13. The amount of rent in arrear to the plaintiff under the provisions of the lease and which occurred prior to re-entry, is as follows: due July 1, 1946, $200; due August 1, 1946, $200; total, $400.

The official referee's conclusion of law numbered " 2 " is disapproved and in place thereof the following conclusion of law is made:

2. That plaintiff is entitled to judgment against the defendant, as and for damages for withholding, the value of the use and occupation of said premises, in the sum of $400, together with the costs of this action and his taxable disbursements to be duly taxed, and have execution therefor in due course.

The judgment is modified so that its second adjudging paragraph thereof will be as follows:

2. Ordered and Adjudged, that Jay R. Earl, the plaintiff, recover of Raymond A. Nalley, the defendant, the possession of the premises as prayed for in the complaint herein and have execution therefor; that the amount of rent in arrear to the plaintiff as of the date of re-entry is the sum of four hundred dollars ($400); that the plaintiff recover from the defendant, in default of the restoration of said premises to him, or to such other person as may be entitled to redeem, as provided by law, the sum of four hundred dollars ($400), as damages for withholding, together with the sum of one hundred ten dollars and eighty cents ($110.80), costs and disbursements, amounting in all to five hundred ten dollars and eighty cents ($510.80), and have execution therefor in due course; and it is further

Ordered and Adjudged, that upon payment of the amount in arrear, interest and costs, and the withholding damages, defendant may redeem the premises in the manner provided by law.

The judgment appealed from is modified as aforesaid on the law and on the facts, and, as modified, affirmed, without costs.