Frederick Backer, J.
The defendant S. Z. B. Corporation has moved for summary judgment dismissing the plaintiffs’ complaint. The plaintiffs have, without formal cross motion, requested summary judgment be granted in their favor. After extended argument before the court, buttressed by able, comprehensive briefs by the litigants, they are both in agreement that there is no triable issue of fact but that the conflict solely involves questions of law.
The underlying action has been brought by the plaintiffs, who are the owners of the property involved, to recover possession of same from the S. Z. B. Corporation, the lessee. While plaintiffs consistently use the phrase “to recover possession” the action is really one in “ ejectment ”. The facts are as follows: Plaintiffs own the land; the premises were first leased to defendant S. Z. B.’s predecessor by lease dated December 16, 1935 (hereinafter referred to as the original lease) made by the Gerry Estates, Inc., which was then the owner of the fee, as lessor, to 1040 Third Avenue Corp., as lessee. The lease demised certain property consisting of several brownstone dwellings on East 61st Street, Manhattan, the adjoining property fronting on Third Avenue, covering the entire blockfront from East 61st Street to East 62nd Street, and certain adjoining vacant land on East 62nd Street. Under the original lease, the lessee remodelled the brownstones for residential occupancy by a number of families and remodelled the commercial building fronting on Third Avenue for use as stores and offices. Adjoining the commercial property was a parcel used as a parking lot. In 1937, the original lessee assigned its interest to the defendant S. Z. B. by indenture dated June 1, 1937, under which S. Z. B. assumed the lessee’s obligations under the original lease. In 1952, the lessor, the Gerry Estates, Inc., conveyed the fee in the *424 premises to plaintiffs who have been the owners of the fee since then.
The original lease of 1935 was for a 21-year term ending December 31, 1955. It was renewed by the present parties for a second term of 20 years and contained a further option for a third term of 20 years. The renewal lease, is dated December 31, 1955 and provides for an annual minimum rent plus real estate taxes, etc., and in addition, S. Z. B., as lessee, covenanted to pay additional rent each year equal to 25% of the “ gross income received by the lessee from the demised premises ” in excess of $85,000 per year. S. Z. B. has subleased to the other named defendants.
Plaintiffs claim S. Z. B. arbitrarily fixed rentals from the sub-lessees in amounts which they rejected. The dispute over such rentals started in 1958 and 1959 when plaintiffs rejected the amounts computed by the defendant S. Z. B. They settled that dispute however. In and for the year 1960, plaintiffs again claim that S. Z. B. used an arbitrary fixed income to compute the additional rent due plaintiffs. On January 31, 1961, the amount tendered by S. Z. B. was rejected by plaintiffs who thereupon served a notice on S. Z. B. that it had breached the lease by not paying the proper percentage due. In accordance with paragraph 20 of the lease, plaintiffs gave S. Z. B. notice of default and that if continued for 30 days plaintiffs would elect to give notice of the termination of the lease. On June 19, 1961, plaintiffs did so elect to terminate the lease and notified S. Z. B. that its term under the lease would end “ by limitation ” 10 days after service of said notice.
Plaintiffs seek to oust S. Z. B. for the alleged default in paying the additional rent for the year 1960. It has instituted this action in ejectment. S. Z. B. has now moved to dismiss the complaint pursuant to rule 113 of the Buies of Civil Practice. Plaintiffs cross-move, as hereinbefore stated, for the same relief.
It is the position of S. Z. B. that there has been no default by it in the payment of its required additional rent; that it properly tendered" the additional rent due and that the only controversy here is solely the question of the correct amount of additional rent due from S. Z. B. to plaintiffs; since only an amount is involved, there should be a direction of summary judgment for S. Z. B. and the correct amount of additional rent can be determined by an assessment before a Beferee or the court.
The portion of the 1960 rent involved is the additional annual rent defined in the lease as equivalent to 25% of the lessee’s gross income in excess of $85,000. The obligation to pay same is not disputed by S. Z. B. but the amount it tendered in payment *425 of same, upon its calculations, was rejected by plaintiffs who contend it was improperly calculated. Thus there is only an issue of amount. Although the lease provides that in the event of such controversy the correct amount shall be ascertained by agreement or by arbitration, neither negotiation nor arbitration was utilized by plaintiffs. Instead they take a fixed position that S. Z. B. improperly calculated the additional rent due, and, after notice to cure default and notice of termination, proceed with ejectment. It appears to me that by rejection of the additional rent plaintiffs’ assumption, that S. Z. B.’s figures were improper, was just as arbitrary as they considered S. Z. B.’s figures to be. Upon this state of the relationship between the parties, over so long a period of time, I am persuaded that S. Z. B. cannot be held, in fact or in law, to have been in default .in paying the rent required. There could be no default in payment of additional annual rent until the amount thereof was ascertained in the manner prescribed in the lease, viz., by agreement or by arbitration. It is fairly deducible that until the additional rent is calculated S. Z. B. could not be in default. Instead of proceeding to ascertain and fix same, plaintiffs took the adamant position that the rent tendered by S. Z. B. was improper, arbitrarily calculated and that S. Z. B. was in default of payment under the lease. This, it seems to me, was an arbitrary attitude on plaintiffs’ part, particularly in respect of a lease so long in existence and having until 1975 to run with an option of a 20-year renewal. The refusal of S. Z. B. to pay the arbitrary and unilaterally determined demand of the plaintiffs cannot be considered as a default under the lease. Under the lease, a valuation by the parties or by arbitrators is a condition of the obligation to pay additional annual rent where, as here, subleases to others are involved. Absent such a valuation, there can be no breach of the obligation to pay such rent. Since S. Z. B. has not defaulted in paying its rent, it has not breached the lease. Plaintiffs’ claim of breach and termination of the lease is untenable. Forfeitures are frowned upon in law particularly in cases of breaches of covenants to pay rent (Sheets v. Selden, 74 U. S. 416; Horton v. New York Cent. & Hudson Riv. R. R. Co., 12 Abb. N. C. 30, affd. 102 N. Y. 697). Under existing statutes (Civ. Prac. Act, §§ 999,1000,1001,1435-1437), a tenant is given the right to avoid a forfeiture of his lease for breach of covenant to pay rent, by payment of arrears to the landlord or to the court. In Horton v. New York Cent. (supra), an action in ejectment, the court held that the right to forfeit a tenant’s term has been regarded as in the nature of security and for that reason effect *426 given it by allowing the tenant to pay his arrears. The recognition of the established doctrine against forfeiture accounts for the infrequency of the use of the action of ejectment in nonpayment cases (Earl v. Nalley, 273 App. Div. 451, 454). The defendant S. Z. B. has unequivocally offered to pay all arrears of rent, with interest and costs, as soon as the proper amount of the additional rent due has been determined. There is therefore no issue of fact to be determined herein except the question of determination of the amount of the additional rent.
Accordingly, the plaintiffs’ motion for summary judgment is denied. The defendant S. Z. B. ’s motion for summary judgment is granted for the relief requested. If the parties cannot agree whether the assessment be had before a Referee to be appointed by the court or before arbitrators, the court will make the designation in the order hereon.