OPINION OF THE COURT
Memorandum.
Final judgment reversed without costs and petition dismissed.
Tenant’s motion to dismiss this nonpayment proceeding based on the pendency of the previously commenced ejectment action should have been granted. The act of commencing an ejectment action is deemed a reentry by landlord into possession, and an election by landlord of the remedy of terminating the lease for breach of a condition (Janes v Paddell, 74 Misc 409 [App Term 1911]; 518 E. 80th St. Co., LLC v Smith, NYLJ, Jan. 29, 2003, at 19 [Civ Ct, NY County]; 2 Dolan, Rasch’s Landlord and Tenant — Summary Proceedings § 32:5 [4th ed]; see also Samson v Rose, 65 NY 411 [1875]; Earl v Nalley, 273 App Div 451 [1948]). “[W]hile the ejectment action was pending, no summary proceedings could be brought by the landlord based on the continuance of the tenancy” (Fifty-fourth St. Realty Co. v Goodman, 80 Misc 639, 641 [App Term, 1st Dept 1913]). Accordingly, the final judgment is reversed and the petition dismissed.
We incidentally note that a proper rent notice must require “in the alternative, the payment of the rent, or the possession of the premises” (RPAPL 711 [2]; see Matter of Farone v Burns, 27 Misc 2d 998 [1961]; McMahon v Howe, 40 Misc 546 [1903]; 2 Dolan, Rasch’s Landlord and Tenant — Summary Proceedings § 32:22 [4th ed]).