Garcia v Tenorio (2024 NY Slip Op 50578(U))

[*1]

Garcia v Tenorio

2024 NY Slip Op 50578(U)

Decided on May 16, 2024

Justice Court Of The Village Of Haverstraw, Rockland County

Ruby, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 16, 2024
Justice Court of the Village of Haverstraw, Rockland County

Ruben Garcia, Landlord-Petitioner,

against
Eliseo Tenorio, and MARIEL A. TENORIO, Tenant-Respondents.

Case No. 24-040033

For the Petitioner: Keith I. Braunfotel, Esq., Braunfotel & Frendel LLC, New City, N.Y.
For the Respondents: Pro Se

Marc R. Ruby, J.

JURISDICTIONAL STATEMENT
While not in dispute, this Court's jurisdiction is duly invoked under the Uniform Justice Court Act, and the Real Property Actions and Proceedings Law, because the subject premises is situated within the Incorporated Village of Haverstraw. See UJCA § 204; RPAPL § 701; and, 2024 Final Village of Haverstraw Assessment Roll, p. 389.
RELEVANT FACTS AND PROCEDURAL HISTORY
On April 5, 2024, the Petitioner filed a summary non-payment proceeding against the Respondents. After both village justices filed recusals, the undersigned was assigned to hear the case, through disposition, under an April 22, 2024 Order of the Administrative Judge of the Ninth Judicial District.
The petition alleges a landlord-tenant relationship was created between the parties, in March 2018, under a "verbal" "lease/agreement", whereunder the Respondents contemporaneously took possession of the subject premises, owned and operated by the Petitioner. (See Petition Allegation No.'s: 5 & 10). It is unclear whether the lease was initially [*2]made for a fixed term, or if the lease created a month-to-month tenancy.
In any event, under the lease, it appears as though the Respondents are obligated to pay the Petitioner $1,650.00 per month in rent. The Petitioner alleges the Respondents have not paid rent, since January 2023, and accordingly, $23,100.00 remains unpaid. (See Petition Allegation No.'s: 7; 10; and, Invoice Exhibit). As such, the Petitioner seeks a judgment awarding possession and a warrant of eviction, along with the $23,100.00 in outstanding rents. The Petitioner also prays for reasonable use & occupancy fees, as well as costs, fees, disbursements, etc. 
While not at all improper, the petition is verified by the Petitioner's attorney. However, the verification is bifurcated, inasmuch as parts of the petition are verified upon personal knowledge, while the remainder is verified upon information and/or belief. See RPAPL § 741. (See Petition Allegation No.: 3, and accompanying Verification).
The petition was accompanied by a Notice of Petition, dated March 12, 2024, and also by a predicate notice, dated November 29, 2023 [FN1]
. Although the petition is consistently styled as a "non-payment" proceeding, the predicate notice purports to terminate the Respondents' tenancy, on December 13, 2023 (14 days after the date of predicate notice). Additionally, while the predicate notice also demands payment of the arrearage, the Respondents are not afforded the option of remaining in possession, if the outstanding balance is paid. Presumably, this is because, as earlier indicated, the Petitioner used the same notice to terminate the tenancy. And to this end, the Petition labels the Respondents a "Holdover Tenant(s)", and alleges the "Petitioner is entitled to immediate possession of the premises." (See Petition Allegation No.'s: 6 & 8). 
Since there is no written lease, the Court cannot find that the lease contained a conditional limitation, where the Respondents would automatically forfeit their right to possession, simply by failing to pay rents. See TSS-Seedman's, Inc. v. Elota Realty Co., 72 NY2d 1024, 1026 (1988); Dass-Gonzalez v. Peterson, 685 N.Y.S.2d 197 (1st Dept 1999). Moreover, even if there were such a conditional limitation, this Court would need to consider public policy concerns in such regard. See Post v. 120 E. End Ave. Corp., 62 NY2d 19, 27 (1984).
Yet, under a plain reading of the predicate notice, it would appear as though the Petitioner seeks to terminate the tenancy by failure of a conditional limitation. To be sure: the notice says the Respondents defaulted on the lease by failing to pay rent, therefore entitling the Petitioner to possession, which has caused the Respondents to become [*3]holdovers. And while the predicate notice speaks of termination upon 14-days, the Respondents are not afforded time to pay rents, in order to remain in the premises.
In all events, it appears as though, both the predicate notice, and the petition, were duly served upon the Respondents. To date, the Respondents have not filed a written answer, defenses, motions, or counterclaims.
LEGAL ANALYSIS
The Court of Appeals has held that defective predicate notices, in summary proceedings are non-curable. Chinatown Apartments, Inc. v. Chu Cho Lam, 51 NY2d 786, 788 (1980). To this end, under RPL § 232-b, predicate notices to tenants living outside New York City, must be given at least a month before a tenancy is terminated. See RPL § 232-b. Accordingly, a landlord's predicate notice is a nullity, if a month-to-month tenancy is not terminated with the precision, of: 1) notifying the tenant at least a month, before the term's expiration; and, 2) terminating the tenancy precisely upon the expiration of the rental month. Avalonbay Cmtys., Inc. v. Betts, 4 Misc 3d 133(A), NY Slip Op 50750(U), *1 (App Term 2004); Ferro v. Lawrence, 195 Misc 2d 529, 530 (2nd Dept 2002).
As a predicate to a non-payment proceeding, a petitioning landlord must give a responding tenant a chance to pay an arrearage, under a 14-day written notice, demanding payment of rent, or (emphasis added) possession of the premises. See RPAPL § 711(2). Thereafter, a respondent-tenant may render the petition moot, by paying the outstanding rents. See RPAPL § 731(4); CPLR Rule 3211. Accordingly, a responding tenant must be presented with an alternative between paying, or losing possession. Fazal Realty Corp. v. Paz, 22 Misc 3d 56 (App Term 2008).
Where a petition, proper in form and in substance, demonstrates grounds for relief, and has been duly served on the respondent, a court lacks discretion for withholding judgment. Brusco v. Braun, 84 NY2d 674, 679 (1994). On the other hand, since Article 7 of the RPAPL provides elaborate notice requirements to ensure tenants are not unjustly evicted, courts, in turn, lack authority to fashion additional procedural safeguards, which are not expressed in the statutes. Menella v. Lopez-Torres, 91 NY2d 474, 478-479 (1998).
While a petition verified by an attorney is sufficient to satisfy RPAPL § 741, the entry of a default final judgment, must be supported by a petition, or an affidavit, sworn to, on personal knowledge. Sella Properties v. Deleon, 25 Misc 3d 85 (App Term 2009); Brusco, at 681. Thereafter, a court shall render judgment for the petitioner, when two factual predicates are meet: 1) there is an affidavit of service for the notice and the petition; and, 2) the tenant has failed to timely respond. Brusco, at 679-680. Under RPAPL § 702, a landlord may not be awarded fees, charges, or penalties, in a non-payment proceeding notwithstanding any language to the contrary in the lease. See RPAPL § 702. But in all events, unless there is indicia of fraud, overreach, illegality, or unconscionability, courts should countenance and enforce stipulations between litigants. Martinez v. Jacobsen, [*4]253 AD2d 521, 522 (2nd Dept 1998).
Here, the "non-payment" predicate notice and petition attempt to terminate the Respondents' tenancy, while simultaneously demanding payment of rent. As such, the Respondents are impaled on the horns of a dilemma. For, even if the Respondents pay rent, the Respondents still would not be able to remain in possession of the premises. This predicate method is not within the spirit or letter of a "non-payment" proceeding. Under Fazal Realty Corp., supra, a respondent in a non-payment proceeding, must be given the option of paying rent, or losing possession.
Meanwhile, if the petition were read as commencing a holdover proceeding, the 14-day notice, upon which the tenancy was purportedly terminated, would be insufficient under Avalonbay, Ferro, and RPL § 232-b. Because in a summary holdover proceeding, the Respondents would be entitled to at least 30 days, before their tenancy was terminated. Moreover, assuming a month-to-month tenancy currently exists, the allegations do not readily establish which day of the month the term expires on. As such, the statutory safeguards codified under RPAPL Art. 7 were not met.
And even if interpretation were stretched to the limit, with the petition being read to complain of a failed conditional limitation, which tied the Respondents' right to possession, with payment of rent, there is no written lease agreement expressing such a limitation. See Post, supra and TSS-Seedman's, Inc., supra.
Finally, the Court does note that in Herald Towers, LLC v. Perry, 2003 NY Slip Op. 50564(U) (1st Dept 2003), the responding tenant's cumulative practice of paying late, negated the landlord's obligation to tender a predicate curative notice. However, there, the Herald Towers Court: 1) was construing the Rent Stabilization Code (9 NYCRR 2524.3); 2) the responding tenant made several adverse admissions; and, 3) the supporting opinions cited therein, indicated several previous eviction proceedings had been brought against the responding tenants. None of those scenarios are operative here.
ORDER
The RPAPL prescribes very specific formulas for a landlord to follow, when bringing a summary proceeding. Courts are very much in the same position as landlords, inasmuch as courts are not free to disregard any related procedural requirements; nor are courts free to fashion procedural requirements. Here, the Petitioner conflated the termination of a tenancy appurtenant to a holdover proceeding, with the option for paying, or remaining in possession appurtenant to a non-payment proceeding. In addition, since the Respondents were not given an option of paying rents or losing possession, and since the Respondents were not afforded sufficient predicate notice of termination, the petition cannot stand on either non-payment, or holdover grounds. Therefore, inasmuch as the Court is constrained to follow, and apply the RPAPL's formulas, the petition is hereby DISMISSED.
IT IS SO ORDERED.
Dated: 16 May 2024
Village of Haverstraw, NY
Marc R. Ruby
Acting Judge for this matter

Footnotes

Footnote 1:
 Although not germane to the disposition, the petition alleges the Respondents were served a predicate notice, on December 9, 2023, which gave the Respondents until December 23, 2023 to surrender possession.