14 Elm NY LLC v Ashby (2024 NY Slip Op 51305(U))

[*1]

14 Elm NY LLC v Ashby

2024 NY Slip Op 51305(U)

Decided on September 18, 2024

Justice Court Of The Town Of Haverstraw, Rockland County

Coffinas, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 18, 2024
Justice Court of the Town of Haverstraw, Rockland County

14 Elm NY LLC, Petitioner,

against
Leslie Ashby, Nakwon Harris, Markeen Cousar, John Doe and Jane Doe, Respondents.

Case No. 24060105

George G. Coffinas, J.

In this holdover proceeding respondents have moved to dismiss the petition pursuant to Real Property Law § 223-b and Real Property Actions & Proceedings Law §§ 226 (2) (c), 228, 234 (a), 702, 731 (4), 711, 713, and CPLR Rule 3211. In support of the motion, respondents have filed a Notice of Motion dated July 18, 2024, the affirmation of Zev Goldstein, Esq., dated July 18, 2024, with Exhibits "A" and "B" annexed thereto, and the reply affirmation of Zev Goldstein, Esq., dated August 23, 2024. In opposition to the motion petitioner has submitted the affirmation of Desiree Weisz-Epstein, Esq., dated August 22, 2024, and, annexed thereto as Exhibit "A", the affirmation of Joel Stern, dated August 22, 2024.
Upon reading the foregoing papers and having given due consideration thereto, the Court decides as follows.
This is a holdover proceeding, commenced by the filing of a petition dated June 3, 2024, which seeks a judgment of possession of premises 63 Clove Avenue, Haverstraw, New York (hereinafter,"Premises") and the issuance of a warrant of eviction in connection therewith. Moreover, although not requested in the ad damnum clause, the petition recites that there is due and owing from respondents the total amount of $42,900.00, for both rent arrears accruing prior to the alleged termination of the leasehold, and for use and occupancy accruing subsequent thereto.[FN1]

Respondents' motion consists of two branches: the first seeks dismissal upon the grounds [*2]that the purported predicate notice is invalid; and the second seeks dismissal upon the grounds that the instant proceeding is a retaliatory eviction, in violation of § RPL 223-b.
For the reasons set-forth hereinbelow, both branches of the respondents' motion are denied.
The Predicate Notice
The gravamen of the first branch of the respondents' motion is that the predicate notice in this holdover proceeding is defective in that it purports to both terminate a leasehold and demand rent arrears, citing Garcia v. Tenorio, 82 Misc 3d 1249(A) (Justice Ct., Vill. of Haverstraw 2024). Respondents mischaracterize the contents of the subject predicate notice, and mistakenly rely on Garcia, which case is inapposite to the instant motion. On its face, the notice terminates the leasehold on a date certain, to wit May 31, 2024. The proof of service thereof submitted by respondents shows that the notice was served upon the respondents more that 30 days prior to the termination date. The notice, on its face, does not demand the payment of either rent arrears or the value of "use and occupancy" of the premises. The notice simply advises respondents that they may be liable for specified amounts of rent arrears and "use and occupancy." (Weisz-Epstein Affm., Exh. "A.") The facts in Garcia, including the contents of the notice therein, are distinguishable from the case at bar. In Garcia, which, unlike the present matter, was a non-payment proceeding, the notice impermissibly purported to terminate the subject tenancy on a date certain, and to demand rent arrears without an option to pay same in order to remain in possession. The holding in Garcia rests on the well-established principle that in the context of a non-payment proceeding, the predicate notice must present the tenant with "an alternative between paying or losing possession." Id., citing Jefferson Val. Mall Ltd. Partnership v. Franchise Acquisition Group, Inc., 22 Misc 3d 56 (Sup. Ct. App. Term, 2d Dept. 2008).[FN2]
In Garcia the predicate notice did not give the tenant the opportunity to pay the arrears and remain in possession, but rather demanded the arrears and terminated the leasehold.
In the instant case, the fact that the predicate notice merely recites that there are amounts of rent arrears and "use and occupancy" charges that the respondents may become liable for, and specifies the amounts of same, is entirely permissible in the context of a holdover proceeding. See e.g., RPAPL § 741 (5), which provides that in a summary proceeding, "The relief may include a judgment for rent due, and for a period of occupancy during which no rent is due, for the fair value of use and occupancy of the premises if the notice of petition contains a notice that a demand for such a judgment has been made."
Accordingly, the first branch of respondents' motion is denied.
Retaliatory Eviction
The second branch of respondents' motion asserts that the instant proceeding must be dismissed as a "retaliatory eviction" within the meaning of RPL § 223-b.
In pertinent part, RPL § 223-b, provides as follows:
1. No landlord of premises or units to which this section is applicable shall serve a notice to quit upon any tenant or commence any action to recover real property or summary proceeding to recover possession of real property in retaliation for:
a. A good faith complaint, by or in behalf of the tenant, to the landlord, the landlord's [*3]agent or a governmental authority of the landlord's alleged violation of any health or safety law, regulation, code, or ordinance, the warranty of habitability under section two hundred thirty-five-b of this article, the duty to repair under sections seventy-eight, seventy-nine, and eighty of the multiple dwelling law or section one hundred seventy-four of the multiple residence law, or any law or regulation which has as its objective the regulation of premises used for dwelling purposes or which pertains to the offense of rent gouging in the third, second or first degree;
The sole allegation proffered by respondents to establish a violation of the statute is the following statement contained in their attorney's affirmation in support of the instant motion:
Here, the Landlord rented the unit to the Tenants without a Certificate of Occupancy, heat, or hot water. But the Landlord did not attempt to evict the Tenants until the Landlord learned that the Tenants were talking to the building inspector and complaining about the many code violations in the property.
Goldstein Affm. ¶ 11.
Respondents have styled their application as a motion to dismiss pursuant to CPLR Rule 3211. The grounds upon which such a motion may be made is found in CPLR 3211 (a). The first branch of respondents' motion, based upon insufficiency of the predicate notice, may be said to qualify as a ground for dismissal under CPLR 3211 (a) (1), to wit, "a defense [...] founded upon documentary evidence." However, the second branch of respondents' motion, which seeks dismissal of this proceeding upon the affirmative defense of "retaliatory eviction", is not one of the enumerated bases for dismissal under CPLR 3211 (a). Moreover, as both petitioner and respondents have submitted evidence extrinsic to the pleadings, i.e., revealing their proof as they would in connection with a summary judgment motion, the Court, in its discretion shall treat the second branch of respondents' motion as a motion for summary judgment pursuant to CPLR 3212. See e.g., Hendrickson v. Philbor Motors, Inc., 102 AD3d 251 (2d Dept. 2012), at 258.
CPLR 3212 (b) provides, inter alia, as follows:
A motion for summary judgment shall be supported by affidavit, by a copy of the pleadings and by other available proof, such as depositions and written admissions. The affidavit shall be by a person having knowledge of the facts; it shall recite all the material facts; and it shall show that there is no defense to the cause of action or that the cause of action or defense has no merit.
It is axiomatic that in order to establish entitlement to summary judgment, a party must submit supporting evidence in admissible form. Zuckerman v. City of New York, 49 NY2d 557 (1980). ("To obtain summary judgment it is necessary that the movant establish his cause of action or defense 'sufficiently to warrant the court as a matter of law in directing judgment' in his favor (CPLR 3212, subd. (b)), and he must do so by tender of evidentiary proof in admissible form.").
In the present motion, the sole averment by respondents in support of their defense of retaliatory eviction, is the hearsay statement of counsel referred to above. This statement is inadmissible hearsay by a declarant with no personal knowledge of the facts, and moreover, the statement itself, which is broad, conclusory and devoid of any detail regarding the complaints allegedly made by respondents to the building inspector, bears no indicia of reliability.
Accordingly, respondents have failed to offer evidence in admissible form to establish the affirmative defense of a violation of RPL § 223-b.
By reason of the foregoing, the second branch of respondents' motion is denied.
Accordingly, it is hereby
ORDERED, that the respondents' motions are denied and the trial of this matter shall proceed, as previously scheduled, on September 23, 2024, at 4:00 p.m.
Dated: September 18, 2024
Garnerville, New York
Hon. GEORGE G. COFFINAS,
Town Justice, Town of Haverstraw

Footnotes

Footnote 1:The petition, at paragraph "8" states that respondents "owe use and occupancy through June 1st in the amount of $42,900.00 as follows," followed by a table setting forth amounts allegedly due for the months of August, 2023 to June, 2024 inclusive. In this regard the petition is internally inconsistent. As the petition alleges that the respondents' tenancy was terminated effective May 31, 2024, only the payment purportedly due for June, 2024 can properly be labeled "use and occupancy." However, this discrepancy is not relevant to the instant motion.

Footnote 2:The decision in Garcia incorrectly cites the name of the referenced case as Fazal Realty Corp. v. Paz.