OPINION OF THE COURT
Martin Evans, J.
This plaintiff’s motion seeks to confirm a Referee’s report, and the granting of declaratory relief fixing her rent as determined by the Referee.
Plaintiff rented a residential apartment in defendant’s hotel for a term of two years at a rental of $2,200 per month commencing July 1,1978. According to the lease, defendant provided additional, personalized services aside from those normally provided to residential tenants. Such services included the screening of all telephone calls. The lease included the following renewal option, in a separately typed, signed rider: “Tenant has the option to renew the lease for an additional two years [sic] period at a rate to be mutually agreed upon by both landlord and tenant, to be fair and reasonable to both parties involved.” Prior to the expiration of plaintiff’s term, defendant landlord indicated its intention to seek a rental increase to $3,500 per month. Plaintiff *942 objected, on the grounds that an increase of such magnitude is not “fair and reasonable”. When the parties reached an impasse, plaintiff brought this action seeking declaratory relief. By stipulation dated July 9, 1980, the parties agreed to submit the issue of what constitutes a “fair and reasonable” rent to a Referee, who would also determine the course and extent of discovery. Defendant refused to produce the requested records at the hearing, and announced that it would not comply with a direction of the Referee to produce them on a later daté. He accordingly declared the hearing at an end, and announced his intention to determine the unresolved issues adversely to the recalcitrant landlord, and view the dispute as having been submitted on the underlying papers. By report dated December 8, 1980, he computed the fair and reasonable rent as being $2,464, the product of the former rent multiplied by 12%, the factor then applicable to renewals of rent stabilization leases during that period.
I
The decision of the Referee to impose sanctions on defendant for its unjustified, deliberate failure to furnish proper discovery, and its announced unwillingness to heed the court’s demand to produce the documentary evidence in question, was justified and appropriate. Not only had the parties, by their stipulation, expressly agreed to permit the Referee to resolve outstanding disputes over discovery, the matter sought, especially that dealing with operating expenses and comparability data, would have been probative of the question at issue.
II
It is settled law in New York that a covenant in a lease permitting renewal on terms “to be agreed upon” is unenforceable. (Sammis v Town of Huntington, 104 Misc 7; Martin Delicatessen v Schumacher, 52 NY2d 105.) Such a promise is the classic “agreement to agree” which is unenforceable by its very terms. (Sourwine v Truscott, 17 Hun 432.) While the law’s requirement of certainty does not mandate that the specific renewal rental, or even a specific *943 computation formula be included in the original lease, the renewal option must be sufficiently certain so as to be quantifiable by an agreed upon objective standard. Thus, the case at bar is very different from the classic, unenforceable, subjective “agreement to agree” exemplified by Sammis and Martin (supra). First, the parties bound themselves not merely to agree, but to agree to an objectively ascertainable level, viz., a “fair and reasonable rent”. This level is objectively determinable, since the terms “fair” and “reasonable” by their definition, are not only susceptible to judicial analysis, they require it. Indeed, it hardly warrants mentioning that such terms are routinely used and defined by courts every day in nearly every context. In the field of real property law, such terms form customarily accepted, judicially interpreted standards, most frequently applied in situations involving use and occupation. (See 1 Rasch, New York Landlord & Tenant, Summary Proceedings [2d ed], § 363.) The use of such terms in such a similar context indicates that the parties intended to bind themselves to such an accustomed, objective standard and procedure. Second, the parties’ own conduct in agreeing to abide by the Referee’s report as to what constitutes a fair and reasonable rent, further evidences their assumption that they would be bound by an objective third party. It is thus appreciably similar to the common renewal option of rent stabilized leases, where the parties agree to accept, on renewal, the guidelines to be fixed by the Rent Guidelines Board. It is qualitatively different from the lease in Martin (supra, p 111), whose “simple words leave no room for legal construction or resolution of ambiguity * * * There is not so much as a hint at a commitment to be bound by the ‘fair market rental value’ which the tenant’s expert reported or the ‘reasonable rent’ * * * Nowhere is there an inkling that either of the parties directly or indirectly assented, upon accepting the clause, to subordinate the figure on which it ultimately would insist, to one fixed judicially * * * or, for that matter, by an arbitrator or other third party.”
Under the circumstances, the Referee properly took notice of the parties’ prior lease and agreed upon prior rental as evidence of the reasonable value of such accommodations *944 and services to the parties. (See 1 Rasch, New York Landlord & Tenant, Summary Proceedings [2d ed], § 281; Earl v Nalley, 273 App Div 451.) Moreover, it was proper for the Referee to take notice of the then applicable rent stabilization guidelines for increases upon renewal. Although it is not ascertainable, from the record before the court, whether the apartment is subject to the Rent Stabilization Law (see Administrative Code of City of New York, § YY51-3.1), such status is not material. If it is, the rental must be fixed accordingly; if it is not, the guidelines are nonetheless properly considered as a reasonable measure of the landlord’s operating increases. The guidelines, then, are a substitute for the kind of evidence which the landlord refused to submit, and are based on the same considerations of reasonableness at issue here.
Plaintiff’s motion to confirm the Referee’s report is granted. The underlying application for declaratory relief is granted accordingly.