■ Martin Northrup, Respondent, v James N. Hushard et

al., Appellants.—Order insofar as appealed from unanimously reversed on the law without costs and petition dismissed. Memorandum: Where the tenant is given the option of renewing a lease for specified periods upon the same terms and conditions except for the amount of rent and the renewal clause fixes future rents at a "reasonable market value price", the renewal clause is not unenforceable for indefiniteness *(Merman v The Surrey,* 106 Misc 2d 941, 943; *accord, Bechmann v Taylor,* 80 Colo 68, 249 P 262; *Worthington & Son Mgt. Corp. v Levy,* 204 A2d 334 [DC]; *State Rd. Dept. v Tampa Bay Theatres,* 208 So 2d 485 [Fla], *cert denied* 212 So 2d 869; *Edwards v Tobin,* 132 Ore 38, 284 P 562, 68 ALR 152 [1930]; *Stone v Martin,* 185 Tenn 369, 206 SW2d 388). This is not a case where the parties have agreed to agree upon the rent at some future time *(see, Martin Delicatessen v Shumacher,* 52 NY2d 105). Here, the parties fixed rent based upon an objective standard ascertainable by a variety of methods, including a judicial resolution. The amount of rent is, therefore, reasonably certain, and the renewal agreement is enforceable *(Merman v The Surrey, supra; see also,* Simpson and Duesenberg, 6 Encyclopedia New York Law, Contracts, §§ 301, 306 [1963]; 1 Corbin, Contracts § 97 [1963]; 1 Williston, Contracts §§ 41, 47 [3d ed 1957]).

Since the tenants exercised their option to renew and there is no requirement that a new lease be executed, the petition in this summary proceeding to evict must be dismissed. (Appeal from order of Monroe County Court, Egan, J.—summary proceeding for eviction.) Present—Denman, J. P., Boomer, Pine, Balio and Davis, JJ.