■ STANLEY BERNSTEIN et al., Appellants, v 1995 ASSOCIATES et al., Respondents.—Order, Supreme Court, New York County (Carol E. Huff, J.), entered April 26, 1991, which granted the defendants' motion to dismiss the complaint to the extent of dismissing the first, fourth, seventh, eighth and ninth causes of action in the amended complaint and granted

the defendants' motion to dismiss the second cause of action to the extent of declaring that the plaintiffs' rights are no greater than those in the sublease and upon cancellation thereof, the plaintiffs have no right to the leasehold interest, unanimously modified, on the law, the defendants' motion to dismiss is denied in its entirety and the causes of action dismissed are reinstated, and otherwise affirmed, with costs.

The plaintiffs instituted this action seeking specific perfor mance of a lease agreement, damages and related relief. The defendant, 1995 Associates, is the owner and landlord of premises located at 1995 Broadway and leased a portion of the building to Bradford Associates pursuant to a lease which expires on February 27, 1993. The plaintiff, Dr. Bernstein, and his professional corporation have subleased the entire second floor and a portion of the third floor of the building from Bradford Associates since 1978.

After Bradford Associates defaulted in its payment of rent for the months of December 1989 and January 1990, 1995 Associates commenced a nonpayment summary proceeding and named Dr. Bernstein as undertenant. It is undisputed that the plaintiffs paid rent to Bradford Associates during the months in question. Counsel for Dr. Bernstein attempted to preserve his lease or to negotiate a new lease with 1995 Associates. According to the plaintiffs, an agreement was reached and confirmed in a letter dated February 14, 1990 from counsel for the plaintiffs to counsel for 1995 Associates. In exchange for withdrawing the plaintiffs' answer in the summary proceeding, thereby permitting 1995 Associates to obtain a default judgment, 1995 Associates promised not to enforce the warrant of eviction against the plaintiffs and further agreed to "immediately enter into negotiations with [the plaintiffs] for purposes of arriving at a direct lease at the fair market value for the space they currently utilize which new lease, shall not expire prior to the termination of the current sublease arrangement between my clients and Bradford Medical Building Associates." The agreement also provided that in the event that the plaintiffs and 1995 Associates were unable, after reasonable negotiation, to enter into a direct lease at the fair market value, the plaintiffs were to be provided with at least 72 hours' notice of 1995 Associates' intention to execute any warrant of eviction.

Pursuant to the agreement, Dr. Bernstein defaulted on the trial date. The plaintiffs alleged, however, that 1995 Associates breached the agreement by failing to offer negotiable terms for a lease, in that it demanded key money, refused to rent space at fair market value and refused to lease them the same amount

of space previously occupied under the sublease from Bradford Associates. The plaintiffs additionally alleged that 1995 Associates and Bradford Associates acted in concert to terminate their sublease and to harass them because of objections to the plaintiffs' treatment of AIDS patients and performance of abortions. They therefore sought specific performance of the letter agreement, a declaration of rights and damages.

1995 Associates moved to dismiss the complaint pursuant to CPLR 3211 (a) (1), (4) and (7). The Supreme Court granted the motion as to the first, fourth, seventh, eighth and ninth causes of action and as to the second cause of action to the extent of declaring that the plaintiffs, as subtenants, had no greater rights than those granted in the sublease and therefore, upon cancellation or termination of the sublease, the plaintiffs had no right to the leasehold interest. Accepting the plaintiffs' allegations as true, we find that the Supreme Court erred in dismissing these causes of action.

At the heart of the Supreme Court's ruling was its determination that the February 14, 1990 letter merely constituted an agreement to agree and was, therefore, unenforceable. We conclude, however, that the letter contained all the essential terms of an enforceable agreement. The letter, which was accepted by counsel for 1995 Associates without any attempt to vary or contradict its terms, sufficiently set forth the area to be leased, the duration of the lease and the price to be paid, fair market value. The price term in the agreement was sufficiently precise since the amount of rent to be paid could be determined objectively (see, Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp., 78 NY2d 88; Cobble Hill Nursing Home v Henry & Warren Corp., 74 NY2d 475, rearg denied 75 NY2d 863, cert denied — US —, 111 S Ct 58; Martin Delicatessen v Schumacher, 52 NY2d 105; Northrup v Hushard, 129 AD2d 1005). Since the February 14, 1990 letter was an enforceable agreement, it was error to dismiss the first and seventh causes of action seeking specific performance of the agreement and damages for its breach.

The second and ninth causes of action, alleging collusion between 1995 Associates and others to terminate the plaintiffs' sublease, must also be reinstated. It would be premature, at this juncture, to make any declaration of the parties' rights to the premises. Taking the allegations of collusion as true, the plaintiffs have stated a cause of action for estoppel against 1995 Associates.

In dismissing the fourth cause of action for prima facie tort, the Supreme Court determined that this cause of action was

improperly pleaded and was duplicative of the third and sixth causes of action (these causes of action, which were sustained by the court, sought damages for wrongful interference with the subleases between the plaintiffs and two physicians and for the intentional infliction of emotional distress based on demonstrations and picketing which occurred to oppose the abortion services allegedly provided by the plaintiffs).

By alleging that 1995 Associates conspired with others with malice to oust the plaintiffs from their leasehold because of the type of medical practice maintained, the plaintiffs stated a cause of action for prima facie tort. "Prima facie tort allows a remedy for the intentional infliction of harm, which results in special damages, without any excuse or justification, by an act or series of acts which would otherwise be lawful" *(Golub v Esquire Publ.,* 124 AD2d 528, 529, *lv denied* 69 NY2d 606; *see also, Freihofer v Hearst Corp.,* 65 NY2d 135; *ATI, Inc. v Ruder & Finn,* 42 NY2d 454). This cause of action contained allegations independent of those contained in the third and sixth causes of action. Moreover, contrary to the conclusion reached by the Supreme Court, special damages were pleaded with sufficient particularity.

In their eighth cause of action, the plaintiffs alleged that 1995 Associates discriminated against women, ethnic minorities and the disabled by refusing to grant the plaintiffs a lease because of the nature of their medical practice which provides abortion services and treatment for AIDS patients. The acts alleged stated a valid cause of action despite the fact that Dr. Bernstein was not the actual victim of discrimination *(see, National Org. for Women v State Div. of Human Rights,* 34 NY2d 416; *Matter of Barton v New York City Commn. on Human Rights,* 140 Misc 2d 554, *affd in part and mod in part* 151 AD2d 258).

We have considered the defendants' remaining contentions and find them to be without merit.

Accordingly, the judgment of the Supreme Court is modified by reinstating the causes of action dismissed. Concur—Sullivan, J. P., Milonas, Rosenberger, Ross and Kassal, JJ.