■ Maria Bermudez, Individually and as Parent and Natural Guardian of Richard Bermudez, an Infant, Appellant, v Ramon Ruiz et al., Defendants, Marba Furniture, Respondent, and City of New York et al., Appellants.—Order and judgment (one paper) of the Supreme Court, Bronx County (Douglas McKeon, J.), entered August 8, 1991, which granted defendant Marba Furniture's motion for summary judgment dismissing the complaint and all cross-claims against it, unanimously reversed, on the law, without costs, and the complaint and cross-claims reinstated.

Plaintiff commenced this action to recover damages for

personal injuries sustained by her son on February 24, 1986 when he was struck by a truck owned and operated by defendant Ramon Ruiz, who was engaged in making a furniture delivery for defendant Marba Furniture.

Supreme Court determined that, as a matter of law, Ruiz was an independent contractor and not an agent of Marba. In reaching this conclusion, the court relied on the fact that Ruiz owned and insured his own delivery truck, employed his own helper, paid for all repair costs of the vehicle, and decided the time (but not the date) and manner of delivery. Ruiz received a weekly payment from Marba Furniture based upon the number and type of pieces delivered without any Social Security or income taxes withheld.

The facts of this matter are not distinguishable from those of cases in which the Court of Appeals has found that whether the operator of a delivery vehicle is an agent or independent contractor is a question for the trier of fact. In *Johnson v R. T. K. Petroleum Co.* (289 NY 101, *rearg denied* 289 NY 646), the owner of a truck, used exclusively for the past year to deliver gasoline for the corporate defendant, struck and injured the plaintiff. The court held that it was error for the appellate court, in reversing the judgment of the Trial Justice against the corporate defendant, to find that the truck owner was an independent contractor. The Court of Appeals stated, "The nature of the relationship existing was a question of fact which the trier of the facts resolved in favor of the plaintiff." *(Supra,* at 104.) Although the driver in that case stated that the company could "fire" him if it was dissatisfied with his services, nothing in the record before us indicates that Marba Furniture could not discontinue its use of the delivery service provided by Ramon Ruiz at any time.

In *Bratt v Midland Asphalt Corp.* (8 NY2d 963), the owner of a "hired" truck, hauling asphalt for the Jamestown Macadam Company at a rate of 80 cents a ton, struck plaintiffs' automobile head on. Where the company arranged the deliveries, even though no income or Social Security taxes were withheld from the payments made to the truckers, the nature of the relationship between the company and the truck owner was held to be a question of fact.

The general rule is stated in *Felice v St. Agnes Hosp.* (65 AD2d 388, 396 [2d Dept, Titone, J.]): "Whether a person is an 'employee' or an 'independent contractor' is an ultimate fact to be determined from the evidence itself." The evidence in this matter does not permit resolution of this issue upon the record. Ruiz was employed as a delivery driver by Marba until

June, 1985 when new management instituted the procedure of hiring trucks to make the company's deliveries. Although it is alleged that Ruiz could perform work for other companies, it is undisputed that he continued to make deliveries exclusively for Marba. Delivery dates were arranged directly by Marba with its customers. Drivers received a list of deliveries to be made each day from the warehouse manager, and the only paperwork used in the course of delivery was that furnished by the company.

We note that a letter, proffered by Marba as a "contract", indicating Ruiz's status as an independent contractor, bears only his signature and was submitted without any authentication. Moreover, at his deposition, Ruiz testified that he had never signed any contract with Marba establishing that he was an independent contractor.

Accordingly, whether defendant Marba Furniture exercised a sufficient degree of direction and control over defendant Ruiz to constitute an agency relationship is a question of fact for resolution at trial *(Garcia v Herald Tribune Fresh Air Fund,* 51 AD2d 897). Concur—Sullivan, J. P., Rosenberger, Asch, Kassal and Rubin, JJ.