(April 13, 1993)

■ Victor Carrion et al., Appellants, v Orbit Messenger, Inc., Respondent, et al., Defendants. [596 NYS2d 50] —Order of the Supreme Court, New York County (Charles E. Ramos, J.), entered October 16, 1991, which granted summary judgment to Orbit Messenger, Inc., reversed, on the law, and the motion denied, without costs.

Plaintiffs commenced this action against Frank Henry, F&H Trucking ("F&H") and Orbit Messenger, Inc. ("Orbit") to recover damages for injuries sustained when Victor Carrion was struck by a vehicle owned and operated by Frank Henry. The claim against Orbit is premised on the theory that Henry was operating his vehicle as an employee of Orbit at the time of the alleged incident.

On March 2, 1989, at 9:00 A.M., plaintiff was crossing the intersection of Park Avenue South and 27th Street when he was struck by a 1989 Ford Econoline van owned and operated by Henry. The vehicle carried a legend on its door identifying it as being operated by F&H. At the time of the incident, Henry was in the process of delivering goods pursuant to a contract with Orbit. The agreement, dated February 2, 1987, provides for Henry to furnish and maintain his own vehicle; operate it at his sole expense; maintain all requisite liability insurance; pay all taxes for himself and all of his employees; indemnify Orbit for any liabilities and debts incurred as a result of any actions by Henry, who is referred to as an "Independent Contractor"; use Orbit's name and forms when performing work for Orbit; and return all of Orbit's receipts and job tickets. Henry is to exclusively determine the mode, timing and routing of services. In return, Orbit is to provide Henry with all necessary forms and invoices and provide bookkeeping services at no cost to Henry; pay him, on a weekly basis, 57% of Orbit's gross billings; and furnish Workers' Compensation Insurance to Henry at no cost. The agreement prohibits Henry from soliciting any of Orbit's customers for a six-month period following termination of the arrangement and contains a statement of intent disavowing any employer-employee relationship.

Relying on the terms of the agreement, Orbit moved for summary judgment dismissing the complaint and any cross claims asserted against it on the ground that Henry is an independent contractor for whose actions Orbit cannot be held liable. In opposition to the motion, plaintiffs emphasize that Henry works exclusively for Orbit, usually from 9:00 A.M. to 5:00 P.M., Monday through Friday, carrying a beeper in order to be reached on a moment's notice; Orbit pays Workers' Compensation benefits for Henry; Henry has not filed any documents with any governmental entity to indicate he is a sole proprietor; Henry is obligated to file an accident report for Orbit; and Orbit issued a payroll check-cashing card to Henry.

The facts of this matter are not distinguishable from *Bermudez v Ruiz* (185 AD2d 212, 213), in which we noted that "whether the operator of a delivery vehicle is an agent or independent contractor is a question for the trier of fact". In *Bermudez,* the IAS Court, in granting summary judgment to the alleged employer, Marba Furniture, relied on the fact that the delivery driver owned and insured his own delivery truck, employed his own workers, paid for all repair costs of the vehicle and decided the time (but not the date) and manner of delivery. Payment was received weekly, without withholding of Social Security or income taxes, based upon the number and types of furniture pieces delivered. In reinstating the complaint, this Court found the evidence insufficient to establish the existence of an independent contractor relationship as a matter of law. Although it was similarly alleged that the driver could perform work for other companies, it was undisputed that the driver made deliveries exclusively for Marba, that the delivery dates were arranged by Marba with its customers and that the only paperwork used in the course of deliveries was that furnished by Marba.

The relationship between Orbit and its messenger, Frank Henry is a question of fact *(Bratt v Midland Asphalt Corp.,* 8 NY2d 963, 965; *Felice v St. Agnes Hosp.,* 65 AD2d 388, 396) and, therefore, whether Orbit maintained a sufficient degree of control over the activities of defendant Henry to constitute an agency relationship is a question for resolution at trial *(Garcia v Herald Tribune Fresh Air Fund,* 51 AD2d 897). While we agree with the dissenter to the extent that the question may under appropriate circumstances be decided as a matter of law *(see, Shapiro v Robinson,* 102 AD2d 822, *affd* 63 NY2d 896), where, as here, a plaintiff has submitted sufficient proof to raise a question with respect to the nature of the

relationship between the tortfeasor and his alleged principal, the drastic remedy of summary judgment is unwarranted *(Rotuba Extruders v Ceppos,* 46 NY2d 223). Concur—Milonas, Rosenberger, Kassal and Rubin, JJ.

Murphy, P. J., dissents in a memorandum as follows: I dissent and would affirm. At issue is whether on this record a triable issue of fact is presented whether the Court should honor the contractual relation between defendant Frank Henry and defendant Orbit Messenger, Inc. *(see, Bermudez v Ruiz,* 185 AD2d 212; *Bratt v Midland Asphalt Corp.,* 8 NY2d 963), or deem Henry an employee of Orbit, which would then be potentially liable under the doctrine of respondeat superior.

Both *Bermudez* and *Bratt,* which also involved the status of a truck driver involved in an accident, hold that whether the owner-operator of the vehicle is an employee or an independent contractor is a factual question on the evidence in those cases.

I do not believe that there is or should be a rule that every case presenting this issue must necessarily be determined by the trier of fact. Such a rule would place an unjustifiable burden on small businesses which contract out delivery services, for the effect of such a rule is presumptively to invalidate such contracting out. The cost of litigation is thus imposed on the enterprise, regardless of how unequivocal the evidence may be, without any possibility of summary judgment. The enterprise must either contribute to the settlement or bear the cost of a trial.

On this record, I agree with the motion court's analysis and conclusion that defendant Frank Henry is an independent contractor as a matter of law. Henry owned, insured, and maintained the truck at his own cost. He determined the routing and timing of delivery and was free to perform work for other entities, though he chose not to. Henry was paid 57% of the billings by Orbit, which also provided bookkeeping services. Orbit also provided workers' compensation coverage for Henry and provided him with a payroll check cashing card. Orbit provided Henry with a form 1099, not a W-2; and no payroll deductions were made from Henry's receipts. Henry was required to pay taxes for himself and any employees. He received no vacation or other benefits.

There is no allegation here that defendant Henry did not carry adequate insurance, as he was contractually obligated to do. I see no public policy or other justification for the rule of *Bermudez* on this record.

A better rule is stated in *Shapiro v Robinson* (102 AD2d 822, *affd* 63 NY2d 896). In *Shapiro,* a motorist sued a construction company for damages resulting from an accident with a tractor-trailer truck. The construction company had engaged the driver of the truck as an independent contractor. The Second Department reversed the denial of the construction company's motion for summary judgment, and held that there was no showing that the construction company reserved a right of control in respect of the manner in which the work was to be performed, citing *Matter of Morton* (284 NY 167, 172).

The reasoning of *Shapiro* requires dismissal here as to Orbit. There is no showing in this record whatsoever that Orbit reserved a right of control over Henry. The time and manner of delivery was within his sole discretion. Requiring a trial here is an injustice and a waste of judicial resources.