■ PRAMOD BHANTI, Appellant, v BROOKHAVEN MEMORIAL HOSPITAL MEDICAL CENTER, INC., Respondent. [687 NYS2d 667] —In an action to recover damages pursuant to Labor Law §§ 191, 193, 195, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Floyd, J.), entered July 9, 1998, upon an order of the same court dated May 19, 1998, granting the defendant's motion for summary judgment dismissing the complaint except to the extent that the complaint sought to recover the sum of $3,750, which the defendant conceded it owed to the plaintiff, and awarding the plaintiff partial summary judgment on that part of the complaint, which was in favor of the plaintiff and against the defendant only in the sum of $3,750, and dismissed the remainder of the complaint.

Ordered that the judgment is modified, on the law, by deleting therefrom the sum of $3,750 and substituting therefor the sum of $9,000; as so modified, the judgment is affirmed, with costs to the defendant, and the order dated May 19, 1998, is modified accordingly.

The complaint alleges three causes of action under Labor Law article 6, which governs an employer's payment of wages and benefits to an employee (Labor Law § 190). In order to state a claim under article 6, a plaintiff must first demonstrate that he or she is an employee entitled to its protections. Although the definition of employee is broad, independent contractors are not included (see, Labor Law § 190 [2]; Di Lorenzo v Sbarra, 124 AD2d 446).

The determination of whether an employer-employee relationship exists rests upon evidence that the employer exercises either control over the results produced or over the means used to achieve the results (see, Matter of 12 Cornelia St., 56 NY2d 895, 897; Matter of Sullivan Co., 289 NY 110, 112). Minimal or incidental control over an employee's work product without the employer's direct supervision or input over the means used to complete the work is insufficient to establish a traditional employment relationship (see, Matter of Ted Is Back Corp., 64 NY2d 725, 726). Where the proof on the issue of control presents no conflict in evidence or is undisputed, the matter may properly be determined as a matter of law (see, Berger v Dykstra, 203 AD2d 754).

Here, there is no issue of fact as to whether the plaintiff, a physical therapist, was an independent contractor or an employee of the defendant Brookhaven Memorial Hospital Medical Center, Inc. (hereinafter Brookhaven). The plaintiff possessed sole decision-making power regarding the type, nature, extent, duration, and follow-up therapy for each patient. In addition, he was not precluded from competing with Brookhaven or from establishing his own private practice. Further, the plaintiff was not required to work a fixed schedule, did not receive employee benefits, and was paid for his services by Brookhaven as a non-employee. Thus, the Supreme Court properly determined, as a matter of law, that the plaintiff was an independent contractor.

The Supreme Court, in dismissing the plaintiff's causes of action under Labor Law article 6, nevertheless correctly determined that the plaintiff was entitled to be paid for the work he performed and for which he was not paid. However, the amount awarded by the court was incorrect. The plaintiff contends that he was not paid for five weeks of work. Brookha-

ven has offered nothing to contradict the fact that the plaintiff worked during this time. As such, the plaintiff shall receive $9,000 for this work pursuant to the parties' compensation agreement which was in effect at the time. Ritter, J. P., Altman, Friedmann and Goldstein, JJ., concur.