OPINION OF THE COURT
Doris Ling-Cohan, J.
History of the Case
This action, which was commenced in 2001, arose from defendants’ refusal to renew plaintiff’s commercial lease to suite 306, on the third floor of the Bruson Building, an office building that defendants own, located at 74-09 37th Avenue, in Jackson Heights, Queens. Plaintiff Hispanic AIDS Forum is a nonprofit organization whose treatment and education services seek to reduce HIV transmission and secure necessary support services for Latinos in New York City who are affected by HFV/ AIDS. Plaintiff alleges that defendants’ refusal was based on the presence in the building of, and the use of a third-floor rest room by, those of plaintiffs clients who are transgender.
By decision and order, dated October 8, 2003, Justice Shafer granted in part, and denied in part, defendants’ motion to dismiss the first amended complaint. Justice Shafer held that, at all relevant times, the New York State and New York City Human Rights Laws, Executive Law § 290 et seq. and title 8 of the Administrative Code of the City of New York, respectively, barred discrimination against transgender persons and protected plaintiff from discrimination because of plaintiffs association with transgender persons; accordingly, plaintiff’s first and second causes of action, which alleged discrimination on the basis of sex and gender, were not dismissed. The October 8, 2003 order by Justice Shafer dismissed plaintiff’s third and fourth causes of action, which alleged discrimination because of disability, on the ground that plaintiff had failed to specify the disability that its transgender clients suffer.
Defendants appealed the October 8, 2003 order. By decision, dated March 29, 2005, the Appellate Division, First Department, reversed Justice Shafer’s order as to plaintiffs first two causes of action, and dismissed the complaint. (Hispanic AIDS Forum v Estate of Bruno, 16 AD3d 294 [1st Dept 2005].) The Appellate Division did not disturb Justice Shafer’s holdings as to the reach of the Human Rights Laws (holdings that are the law of the case here), but it found that plaintiff had failed to al *962 lege any discriminatory treatment, inasmuch as “the only discernible claim set forth in the complaint is that plaintiffs transgender clients were prohibited from using the restrooms not in conformance with their biological sex, as were all tenants.” (Id. at 299.) Adopting the reasoning of the Minnesota Supreme Court’s decision in Goins v West Group (635 NW2d 717 [Minn 2001]), the Court held that such a prohibition does not constitute discrimination. However, the Court also found that “plaintiff makes vague allusions to a connection between defendants’ refusal to renew the lease and plaintiffs refusal to prohibit its transgender clients from using the building’s common areas, including the main entrance.” (Hispanic AIDS Forum, 16 AD3d at 299.) Accordingly, the Court granted plaintiff leave to replead “if plaintiff chooses to pursue those assertions with an adequate degree of specificity” (id.). Plaintiff served, but then withdrew, a second amended complaint. Plaintiff then served a third amended complaint, which defendants now move to dismiss, pursuant to CPLR 3211 (a) (3), (5) and (7).
The Third Amended Complaint
The third amended complaint alleges the following. In March 1991, plaintiff entered into a two-year lease, subsequently renewed, for space in the building. By 1995, plaintiff determined that it needed additional office space. Accordingly, in March and December 1995, plaintiff and defendants negotiated and entered into leases for, respectively, suite 306 and suite 305, on the third floor of the building. In March 2000, the parties negotiated a new five-year lease for suite 306 and agreed that plaintiff would vacate suite 305 by July 31, 2000. Shortly thereafter, however, other tenants on the third floor of the building began to complain to defendants’ office manager that men, who were dressed as women, were using the women’s rest room on the third floor. In late May, defendants’ office manager, nonparty Dorothy Novotny, told plaintiffs executive director, Heriberto Sanchez Soto, that defendants would not sign the lease, because of the complaints about “those people using the bathrooms,” and that Sanchez Soto needed to speak with defendants’ property manager, nonparty Jeff Henry. When Sanchez Soto called Henry, the latter stated that “those people who think that they are women . . . cannot use the bathrooms. We need to agree that they do not use the bathrooms if you’re going to get the lease” (third amended complaint 11 40, amended notice of motion, exhibit A). Henry subsequently told plaintiffs attorney, *963 Leon Quintero, that plaintiff could not allow its transgender clients (all of whom appear to have been biological males transitioning to women) to use the women’s rest room; that the rest rooms in the building were to be used only by plaintiff and its employees; that plaintiffs clientele was undesirable and bad for the image of the building; and that defendants could not have them in the building. In a subsequent conversation with Quintero, Novotny reiterated that only plaintiffs staff and employees were to use the rest rooms in the building. Plaintiff rejected that condition, both because its clients needed to be able to use a rest room when they were in the building, and because the customers and clients of other tenants in the building were not barred from using the rest rooms. Defendants thereupon commenced an eviction proceeding in the New York City Housing Court, which was settled by a stipulation. The complaint also asserts that plaintiffs transgender clients suffer from gender identity disorder[1] and that plaintiff learned that there are a number of single-user bathrooms in the building which its transgender clients could have used.
The complaint alleges the following six causes of action: (1) defendants’ refusal to renew plaintiffs lease on the ground that plaintiff refused to bar its transgender clients from using all rest rooms in the building, defendants’ requirement that plaintiff, but no other tenant in the building, restrict use of the rest rooms to its staff and employees, and defendants’ design to exclude plaintiff’s transgender clients from the building altogether constituted discrimination because of “sex and/or gender,” in violation of the New York State Human Rights Law (Executive Law § 290 et seq.); (2) these same acts, undertaken with malice, constituted discrimination because of sex, in violation of Administrative Code of the City of New York § 8-107 (4) (a); (5) (b) and § 8-502; (3) these same acts constituted discrimination because of disability in violation of the New York State Human Rights Law; and (4) Administrative Code of the City of NY § 8-107. Plaintiffs fifth and sixth causes of action also allege discrimination on the basis of disability, and a refusal to discuss a reasonable accommodation thereto, in violation of, respectively, the New York State Human Rights Law and Administrative Code of the City of NY § 8-107. These claims, however, unlike those alleged in the third and fourth causes of action, are based on plaintiffs allegation that the standard of *964 care that has been established for persons diagnosed as suffering from gender identity disorder, by the Harry Benjamin International Gender Dysphoria Association, the leading professional association for those who specialize in the treatment of persons with gender identity disorder, dictates that such persons be permitted to use the rest rooms that correspond to their gender, rather than those that correspond to their biological sex. The claims also rest on plaintiffs allegation that persons who are in the process of transitioning from male to female would not only suffer psychological distress if they were to use the men’s rest room, but would also place themselves at risk of abuse, and even violence, from men using the rest room.
Discussion
On a motion to dismiss, the court must construe the complaint liberally, accept the pleaded facts as true and determine simply whether the facts as alleged fit into any cognizable legal theory. (Leon v Martinez, 84 NY2d 83, 87-88 [1994]; P.T. Bank Cent. Asia, N.Y. Branch v ABN AMRO Bank N.V., 301 AD2d 373, 375 [1st Dept 2003].) The court must accept not only the material allegations of the complaint, but also whatever can be reasonably inferred therefrom in favor of the pleader. (P.T. Bank Cent. Asia, 301 AD2d at 375.) “In ruling on a motion to dismiss, the court is not authorized to assess the merits of the complaint or any of its factual allegations, but only to determine if, assuming the truth of the facts alleged, the complaint states the elements of a legally cognizable cause of action.” (Id. at 376.) It is the movant that has the burden to demonstrate that, based upon the four corners of the complaint liberally construed in favor of the plaintiff, the pleading states no legally cognizable cause of action. (See Leon v Martinez, 84 NY2d at 87-88 [1994]; Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]; Salles v Chase Manhattan Bank, 300 AD2d 226, 228 [1st Dept 2002].)
Here, defendants argue, inter alia, that plaintiffs first two causes of action are barred by the decision of the Appellate Division. That decision, however, expressly left open the possibility of a claim that plaintiff suffered an injury, cognizable by the Human Rights Laws, to the extent that plaintiff was denied a renewal of its lease because it would not bar its transgender clients from any portion of the public space in the building, other than the rest rooms assigned to persons of the opposite biological sex. While the complaint clearly alleges that defendants first became concerned about plaintiffs tenancy because *965 plaintiffs transgender clients were using the bathroom of their adopted gender, the complaint also clearly alleges that defendants sought to bar those clients from using any of the building rest rooms, and wished to exclude the transgender clients from the building altogether. Indeed, it is claimed that, so as to bar plaintiffs transgender clients from all of the rest rooms in the building, defendants sought to bar all of plaintiff s clients from using any of the rest rooms. Accordingly, the claims alleged in the first two causes of action are not precluded by the decision of the Appellate Division.
Defendants’ only other arguments for dismissing the first two causes of action are that neither the State nor the City Human Rights Law protected transgender persons, at the time relevant to this action, and that plaintiff lacks standing to assert the first cause of action, because, insofar as is relevant here, the State Human Rights Law protects only persons who otherwise would be discriminated against because of their own sex. As discussed above, Justice Shafer in her October 8, 2003 order rejected both of these arguments; her holdings as to them are the law of the case and this court is bound by such holding. (See Tenzer, Greenblatt, Fallon & Kaplan v Capri Jewelry, 128 AD2d 467 [1st Dept 1987].) Moreover, Executive Law § 296 (5) (b) provides that:
“It shall be an unlawful discriminatory practice for the owner, lessee, sub-lessee, or managing agent. . . or other person having the right ... to sell, rent or lease, land or commercial space:
“(1) To refuse to . . . rent, lease or otherwise deny to or withhold from any person or group of persons . . . commercial space because of the . . . sex . . .
“(2) To discriminate against any person because of . . . sex ... in the terms, conditions or privileges of the sale, rental or lease of any such land or commercial space; or in the furnishing of facilities or services in connection therewith.”
Executive Law § 296 (5) (b) (2) protects “any person” or “group of persons” from being discriminated against “because of . . . sex,” without any requirement that the discrimination be based on such person’s own sex. Such statute should be interpreted liberally, so as to provide protection to those individuals or “group of persons” who associate with and provide needed services to segments of the population that commonly suffer discrimination. (See Executive Law § 300; Dunn v Fishbein, 123 *966 AD2d 659 [2d Dept 1986] [a white person could maintain a discrimination claim where he alleged denial of an apartment because his roommate was African-American]; Bernstein v 1995 Assoc., 185 AD2d 160, 163 [1st Dept 1992] [discrimination claim sustained in rental context under State Human Rights Law brought by physician alleging denial of renewal lease because of the nature of his medical practice which provided abortion services and AIDS treatment].)[2]
For the reasons stated above, plaintiffs first two causes of action will not be dismissed.
With respect to plaintiffs third and fourth causes of action, a plaintiff alleging discrimination on the basis of disability has the initial burden of alleging that he or she proposed, and was refused, an objectively reasonable accommodation. (Pembroke v New York State Off. of Ct. Admin., 306 AD2d 185, 185 [1st Dept 2003], citing Moritz v Frontier Airlines, Inc., 147 F3d 784 [8th Cir 1998]; see also Orta-Castro v Merck, Sharp & Dohme Quimica P.R., Inc., 447 F3d 105 [1st Cir 2006]; Williams v Philadelphia Hous. Auth. Police Dept., 380 F3d 751 [3d Cir 2004]; Cassidy v Detroit Edison Co., 138 F3d 629 [6th Cir 1998]; Taylor v Principal Fin. Group, Inc., 93 F3d 155 [5th Cir 1996]; Vande Zande v State of Wis. Dept. of Admin., 44 F3d 538 [7th Cir 1995]; but see Humphrey v Memorial Hosps. Assn., 239 F3d 1128 [9th Cir 2001] [once employer becomes aware of the need for an accommodation, employer has a mandatory obligation to engage in a good-faith interactive process with employee to identify and implement appropriate reasonable accommodation].) While plaintiffs memorandum of law describes several accommodations that defendants might have made, and to which plaintiff would have agreed, the complaint fails to allege that plaintiff requested any specific accommodation for its transgender clients at any time. Thus, as plaintiff has failed to allege sufficient facts to support a claim of discrimination on the basis of disability, or of perceived disability, the third and fourth causes of action must be dismissed.
Plaintiffs fifth and sixth causes of action are barred by the doctrine of res judicata. The Appellate Division squarely held that barring transgender persons from using the public bathrooms that do not correspond to their biological sexual assignment does not constitute discrimination. Inasmuch as *967 plaintiff may disagree, such holding is dispositive, regardless of the basis upon which the asserted discrimination is alleged to have been based.
Accordingly, it is hereby ordered that the motion to dismiss is granted to the extent that the third, fourth, fifth, and sixth causes of action of the complaint are dismissed.

. see Diagnostic and Statistical Manual of Mental Disorders (4th ed 1994) (DSM-IV).

. See also Bernstein v 1995 Assoc., 217 AD2d 512, 514 (1st Dept 1995) (which clarifies that plaintiff brought his claims under both State and City-Human Rights Laws).