■ PAUL TEUTUL, Respondent, v PAUL M. TEUTUL, Appellant, et al., Defendants. [912 NYS2d 664]—

In an action, inter alia, for certain declaratory relief, the defendant Paul M. Teutul appeals, as limited by his brief, from so much of an order of the Supreme Court, Orange County (Lubell, J.), dated April 21, 2010, as granted that branch of the plaintiff's cross motion which was for summary judgment declaring that a certain option to purchase shares in the defendant Orange County Choppers Holdings, Inc., is valid and enforceable.

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, that branch of the plaintiff's cross motion which was for summary judgment declaring that the option to purchase shares in the defendant Orange County Choppers Holdings, Inc., is valid and enforceable is denied and, upon searching the record, summary judgment is awarded to the defendant Paul M. Teutul declaring that the option is not valid or enforceable.

"If an agreement is not reasonably certain in its material terms, there can be no legally enforceable contract" (*Cobble Hill Nursing Home v Henry & Warren Corp.*, 74 NY2d 475, 482 [1989], *cert denied* 498 US 816 [1990]). Thus, "a mere agreement to agree, in which a material term is left for future negotiations, is unenforceable" (*Joseph Martin, Jr., Delicatessen v Schumacher*, 52 NY2d 105, 109 [1981]; *see 410 BPR Corp. v Chmelecki Asset Mgt., Inc.*, 51 AD3d 715, 716 [2008]).

Here, the subject option provides, in effect, that the plaintiff, upon request, may purchase all of the appellant's shares in the defendant Orange County Chopper Holdings, Inc. (hereinafter OCCHI), "for fair market value, as determined by a procedure to be agreed to by the parties as soon as practicable." Thus, on its face, the option expressly provides for further negotiations by the parties with respect to the price term (*cf. Tonkery v Martina*, 78 NY2d 893 [1991]; *Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp.*, 78 NY2d 88 [1991]; *Cobble Hill Nursing Home v Henry & Warren Corp.*, 74 NY2d 475 [1989]).

While it is true that a price term of "fair market value" in and of itself may be "sufficiently precise" in that generally fair market value can "be determined objectively" (*Bernstein v 1995 Assoc.*, 185 AD2d 160, 162 [1992]; *see Marder's Nurseries v Hopping*, 171 AD2d 63, 72 [1991]; *see also Northrup v Hushard*, 129 AD2d 1005, 1006 [1987]), here, the plaintiff and the appellant went further and expressly agreed to later agree on a procedure for determining the shares' fair market value. Significantly, in the context of a closely held corporation such as OCCHI, "in which ownership is generally vested in a small group of stockholders and in which the shares are not usually salable" (*Kaye v Kaye*, 102 AD2d 682, 686-687 [1984]), any determination as to the fair market value of these shares involves a certain degree of inexact valuation and subjectivity, making the procedure by which fair market value is determined of particular importance (*id.*).

Contrary to the plaintiff's contention, this Court's determination in *Marder's Nurseries v Hopping* (171 AD2d 63 [1991]) does not support a conclusion that the option is valid and enforceable. In that case, this Court held that the parties

ultimately agreed to a purchase price that would reflect the fair market value of the property, and although the procedure to determine the fair market value lent itself to a stalemate, this was not a fatal defect since "a court may break any stalemate by determining fair market value itself" (*id.* at 72). While the parties in *Marder's Nurseries v Hopping* had actually agreed to a procedure for determining fair market value, albeit a "flawed" or "problematic" one (*id.* at 70, 73), here, the parties merely agreed to later agree on a procedure for determining fair market value, in which case it cannot be said that the parties intended to create "a complete and binding contract" (*Cobble Hill Nursing Home v Henry & Warren Corp.*, 74 NY2d at 485; cf. *Tonkery v Martina*, 78 NY2d 893 [1991]; *Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp.*, 78 NY2d 88 [1991]; *Marder's Nurseries v Hopping*, 171 AD2d 63 [1991]).

Based on the foregoing, we conclude that the Supreme Court erred in granting that branch of the plaintiff's cross motion which was for summary judgment declaring that the option is valid and enforceable. Further, upon searching the record, we award summary judgment to the appellant declaring that the option is not valid and enforceable. We note that, upon the conclusion of the action, any judgment should include the appropriate declaration. Dillon, J.P., Florio, Angiolillo and Dickerson, JJ., concur. **[Prior Case History: 2010 NY Slip Op 30979(U).]**