■ Ian Hernandez et al., Appellants, v Chefs Diet Delivery, LLC, et al., Respondents, et al., Defendant. [915 NYS2d 623]—

In a putative class action, inter alia, to recover damages pursuant to Labor Law article 6, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated December 17, 2009, as granted that branch of the motion of the defendants Chefs Diet Delivery, LLC, Chefs Diet at Home, Inc., Arthur Gunning, Michael McDonald, Tyler Wilson, Nicholas Zazza, Keith Doe, and Mesha Doe, which was to dismiss the complaint insofar as asserted against those defendants pursuant to CPLR 3211 (a) (1), granted the cross motion of the defendants Esquire, Ltd., and Louis Martinez to dismiss the complaint insofar as asserted against those defendants pursuant to CPLR 3211 (a) (1),

granted that branch of the cross motion of the defendants Angle Routing, Ltd., and Robert Green which was to dismiss the complaint insofar as asserted against those defendants pursuant to CPLR 3211 (a) (1), and granted that branch of the cross motion of the defendants CDD Routing, Ltd., Icon Routing Corp., and Andrew Zurica which was to dismiss the complaint insofar as asserted against those defendants pursuant to CPLR 3211 (a) (1).

Ordered that the order is reversed insofar as appealed from, on the law, with costs payable by the respondents appearing separately and filing separate briefs, that branch of the motion of the defendants Chefs Diet Delivery, LLC, Chefs Diet at Home, Inc., Arthur Gunning, Michael McDonald, Tyler Wilson, Nicholas Zazza, Keith Doe, and Mesha Doe, which was to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (1) is denied, the cross motion of the defendants Esquire, Ltd., and Louis Martinez to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (1) is denied, that branch of the cross motion of the defendants Angle Routing, Ltd., and Robert Green which was to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (1) is denied, and that branch of the cross motion of the defendants CDD Routing, Ltd., Icon Routing Corp., and Andrew Zurica which was to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (1) is denied.

The plaintiffs commenced this putative class action on behalf of themselves and all other similarly situated delivery drivers, inter alia, to recover damages for violations of Labor Law article 6, which governs an employer's payment of wages and benefits to employees (*see* Labor Law § 190 *et seq.*). "In order to state a claim under article 6, a plaintiff must first demonstrate that he or she is an employee entitled to its protections" (*Bhanti v Brookhaven Mem. Hosp. Med. Ctr.*, 260 AD2d 334, 335 [1999]). Although Labor Law § 190 broadly defines an "[e]mployee" as "any person employed for hire by an employer in any employment" (Labor Law § 190 [2]), "[t]his definition excludes independent contractors" (*Akgul v Prime Time Transp.*, 293 AD2d 631, 633 [2002]; *see Bynog v Cipriani Group*, 1 NY3d 193, 199 [2003]; *Bhanti v Brookhaven Mem. Hosp. Med. Ctr.*, 260 AD2d at 335). "[T]he critical inquiry in determining whether an employment relationship exists pertains to the degree of control exercised by the purported employer over the results produced or the means used to achieve the results" (*Bynog v Cipriani Group*, 1 NY3d at 198; *see Akgul v Prime Time Transp.*, 293

AD2d 631 [2002]). "[C]ontrol over the means is the more important factor to be considered" (*Matter of Ted Is Back Corp. [Roberts]*, 64 NY2d 725, 726 [1984]), and "[m]inimal or incidental control over an employee's work product without the employer's direct supervision or input over the means used to complete the work is insufficient to establish a traditional employment relationship" (*Bhanti v Brookhaven Mem. Hosp. Med. Ctr.*, 260 AD2d at 335; *see Matter of Ted Is Back Corp. [Roberts]*, 64 NY2d at 726). "Factors relevant to assessing control include whether the worker (1) worked at his [or her] own convenience, (2) was free to engage in other employment, (3) received fringe benefits, (4) was on the employer's payroll and (5) was on a fixed schedule" (*Bynog v Cipriani Group*, 1 NY3d at 198). "Where the proof on the issue of control presents no conflict in evidence or is undisputed, the matter may properly be determined as a matter of law" (*Bhanti v Brookhaven Mem. Hosp. Med. Ctr.*, 260 AD2d at 335). However, the nature of the relationship is fact sensitive and often presents a question for the trier of fact (*see Johnson v R. T. K. Petroleum Co.*, 289 NY 101, 103 [1942]; *Bermudez v Ruiz*, 185 AD2d 212 [1992]; *Carrion v Orbit Messenger*, 192 AD2d 366, 367 [1993], *affd* 82 NY2d 742 [1993]).

Here, the allegations in the plaintiffs' complaint were sufficient to establish that the defendants, acting as a single entity, exercised the requisite degree of control over the results of their work, or the means used to achieve those results, so as to demonstrate that they were employees of the defendants (*see generally Bynog v Cipriani Group*, 1 NY3d at 198). Specifically, the plaintiffs alleged that the defendants, among other things, provided daily delivery manifests directing the drivers as to where deliveries were to be made, reimbursed the drivers for mileage, and required the plaintiffs to attend mandatory meetings, to obtain approval for vacation time, to undergo approximately one to two weeks of training, and to refrain from playing loud music while making deliveries (*see Bynog v Cipriani Group*, 1 NY3d at 198; *Matter of Ted Is Back Corp. [Roberts]*, 64 NY2d 725, 726 [1984]; *see Anikushina v Moodie*, 58 AD3d 501, 501-502 [2009]; *Lane v Lyons*, 277 AD2d 428 [2000]; *Carrion v Orbit Messenger*, 192 AD2d 366 [1993], *affd* 82 NY2d 742 [1993]; *cf. Lane v Lyons*, 277 AD2d 428 [2000]; *Matter of Seaver [Glens Falls Newspapers—Hartnett]*, 162 AD2d 841 [1990]; *Matter of Simonelli v Adams Bakery Corp.*, 286 AD2d 805 [2001]).

Contrary to the determination of the Supreme Court, the defendants failed to submit documentary evidence conclusively

establishing that the plaintiffs were independent contractors and not employees (*see generally Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Paramount Transp. Sys., Inc. v Lasertone Corp.*, 76 AD3d 519, 520 [2010]). Initially, the federal income tax documents submitted by the defendants which identified some of the plaintiffs as independent contractors were insufficient to conclusively establish that the plaintiffs and the other drivers in the putative class were independent contractors. "While the manner in which the relationship is treated for income tax purposes is certainly a significant consideration, it is generally not singularly dispositive" (*Gagen v Kipany Prods., Ltd.*, 27 AD3d 1042, 1043 [2006]; *see Matter of Stuckelman [Blodnick, Gordon, Fletcher & Sibell, P.C.—Commissioner of Labor]*, 16 AD3d 882 [2005]). Furthermore, the various internal documents and the noncompete and confidentiality agreement signed by one of the plaintiffs were similarly insufficient to conclusively establish that the plaintiffs and the other putative class members were independent contractors. "The fact that a contract exists designating a person as an independent contractor is to be considered, but is not dispositive" (*Araneo v Town Bd. for Town of Clarkstown*, 55 AD3d 516, 518 [2008]; *see Gfeller v Russo*, 45 AD3d 1301 [2007]; *Shah v Lokhandwala*, 265 AD2d 396 [1999]; *Matter of Wilde [Enesco Imports Corp.—Sweeney]*, 236 AD2d 722, 723 [1997]; *Carrion v Orbit Messenger*, 192 AD2d 366 [1993]; *Matter of Pepsi Cola Buffalo Bottling Corp. [Hartnett]*, 144 AD2d 220, 222 [1988]). In fact, to the extent that the noncompete provision of the agreement prohibited any of the drivers from engaging in other businesses that deliver food products on a regularly scheduled basis, the agreement itself weighed in favor of a finding that the drivers were not independent contractors (*see Bynog v Cipriani Group*, 1 NY3d at 198; *cf. Rokicki v 24 Hour Courier Serv.*, 294 AD2d 555 [2002]; *Matter of Seaver [Glens Falls Newspapers—Hartnett]*, 162 AD2d 841 [1990]). To the extent that the Supreme Court relied on the affidavits of several of the defendants, the Supreme Court erred as those affidavits were not documentary evidence (*see Suchmacher v Manana Grocery*, 73 AD3d 1017 [2010]; *Fontanetta v John Doe 1*, 73 AD3d 78, 85 [2010]; *Berger v Temple Beth-El of Great Neck*, 303 AD2d 346 [2003]).

Accordingly, the Supreme Court erred in finding that, as a matter of law, the documentary evidence submitted by the defendants conclusively established that the plaintiffs and the other members of the putative class were independent contractors and not employees. Florio, J.P., Dickerson, Chambers and Lott, JJ., concur.