In an action to recover damages for breach of an employment contract and a violation of Labor Law article 6, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Driscoll, J.), entered May 19, 2011, which, upon a decision of the same court dated April 7, 2011, made after a nonjury trial, is in favor of the defendant and against him dismissing the complaint.
Ordered that the judgment is reversed, on the law, with costs, the complaint is reinstated, the plaintiff is awarded judgment on the issue of liability, and the matter is remitted to the Supreme Court, Nassau County, for a trial on the issue of damages and the entry of an appropriate amended judgment thereafter.
The plaintiff commenced this action against the defendant to recover damages for breach of an employment contract and a violation of Labor Law article 6. During the nonjury trial of this action, the plaintiff testified that, prior to being employed by the defendant as an information technology programmer, and while enrolled as a student at New York Institute of Technology (hereinafter NYIT), he was approached by Jerald Cole, one of his former professors at NYIT and the defendant’s project manager, about employment with the defendant. The plaintiff, a citizen of India, informed Cole that, in order for him to accept the proffered employment, he would need to be sponsored for an H1B work visa by the defendant, which would entail the filing of an H1B petition by the defendant, in its capacity as the employer.
The plaintiff further testified at trial that he introduced Cole *910 to his attorney, who discussed the visa sponsorship process with Cole, including the minimum salary standard required by the United States Department of Labor which, at the time, was $46,500 per year. The plaintiff also testified that, in the plaintiffs presence at the attorney’s office, Cole, on behalf of the defendant, signed the required documentation, which provided that the plaintiff was to be paid the minimum salary requirement of $46,500 plus, inter alia, tuition benefits for his enrollment in a Master’s degree program in computer science at the University of Bridgeport. The plaintiff testified that he was not paid in accordance with that agreement.
The documentary evidence demonstrated that, in 2000, the defendant petitioned the Immigration and Naturalization Service of the United States Department of Justice on the plaintiffs behalf for an H1B work visa. The visa application recited that the plaintiff was to be employed by the defendant from October 1, 2000, through October 1, 2003, and that the plaintiff was to be paid $46,500 per year for this full-time position, in addition to “tuition remission + usual benefits.” Cole, as project manager for the defendant, signed sections of the application, under the penalty of perjury, certifying that the information in the visa application was “true and correct,” and that he was “empowered to” file the petition on behalf of the defendant. Cole signed a consent for an attorney to prepare the petition. The plaintiff did not sign any of the visa documents.
At the conclusion of the nonjury trial, the trial court found in favor of the defendant and against the plaintiff, and dismissed the complaint.
In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds “warranted by the facts,” bearing in mind that the trial judge had the advantage of seeing the witnesses and hearing the testimony (Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; see Quadrozzi v Estate of Quadrozzi, 99 AD3d 688, 691 [2012]; Evans-Freke v Showcase Contr. Corp., 85 AD3d 961, 963 [2011]; Fernandez v Price, 63 AD3d 672, 675 [2009]).
The elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiffs performance under the contract, the defendant’s breach of the contract, and resulting damages (see Elisa Dreier Reporting Corp. v Global NAPs Networks, Inc., 84 AD3d 122, 127 [2011]; Palmetto Partners, L.P. v AJW Qualified Partners, LLC, 83 AD3d 804, 806 [2011]; JP Morgan Chase v J.H. Elec, of N.Y., Inc., 69 *911 AD3d 802, 803 [2010]; Furia v Furia, 116 AD2d 694, 695 [1986]). “The elements of an effective employment contract consist of ‘the identity of the parties, the terms of employment, which include the commencement date, the duration of the contract and the salary’ ” (Durso v Baisch, 37 AD3d 646, 647 [2007], quoting Merschrod v Cornell Univ., 139 AD2d 802, 805 [1988]). Moreover, where the duration of a contract exceeds one year, in order to satisfy the statute of frauds “a writing must identify the parties, describe the subject matter, state all the essential terms of an agreement, and be signed by the party to be charged” (Durso v Baisch, 37 AD3d at 647 [internal quotation marks omitted]; see General Obligations Law § 5-701 [a]; Devany v Brockway Dev., LLC, 72 AD3d 1008, 1009 [2010]).
Here, the record does not support the trial court’s determination that the plaintiff failed to show his entitlement to recover damages from the defendant on his claim alleging breach of contract. The plaintiff established the existence of an enforceable written employment agreement between himself and the defendant through the visa application executed by Cole, on behalf of the defendant, under oath. The agreement referred to in the visa application identified both parties, described the document as defining the employment agreement pursuant to which the United States Department of Justice would issue a H1B work visa to the plaintiff, a “nonimmigrant worker.” It also set forth the terms of the agreement, including the duration of the employment contract and the salary. The plaintiff also established that he worked for the defendant for the required period of time and was not paid by the defendant pursuant to the terms of the agreement. While part five of the visa application concerned “Basic information about the proposed employment and employer” and requested the “Dates of intended, employment” (emphasis added), this did not convert the employment agreement into a mere agreement to agree, which would not be sufficient to bind either party, since the employment agreement contained all of the material terms of the agreement, and none was left open for future negotiations (see Trueforge Global Mach. Corp. v Viraj Group, 84 AD3d 938, 939 [2011]; compare Teutul v Teutul, 79 AD3d 851 [2010]). As a result, the trial court should have found in favor of the plaintiff with respect to his cause of action seeking to recover damages for breach of contract.
Moreover, “[t]he purpose of Labor Law article 6 is to ‘strengthen and clarify the rights of employees to the payment of wages’ ” (Fraiberg v 4Kids Entertainment, Inc., 75 AD3d 580, 582 [2010], quoting Truelove v Northeast Capital & Advisory, *912 95 NY2d 220, 223 [2000]). To recover under that article, “a plaintiff must first demonstrate that he or she is an employee entitled to its protections” (Bhanti v Brookhaven Mem. Hasp. Med. Ctr., 260 AD2d 334, 335 [1999]; see Labor Law § 190 [2]; Hernandez v Chefs Diet Delivery, LLC, 81 AD3d 596, 597 [2011]). Although an independent contractor is not considered an employee for the purposes of Labor Law § 190 (see Hernandez v Chefs Diet Delivery, LLC, 81 AD3d at 597; Bhanti v Brookhaven Mem. Hosp. Med. Ctr., 260 AD2d at 335), “the critical inquiry in determining whether an employment relationship exists pertains to the degree of control exercised by the purported employer over the results produced or the means used to achieve the results” (Bynog v Cipriani Group, 1 NY3d 193, 198 [2003]; see Hernandez v Chefs Diet Delivery, LLC, 81 AD3d at 597).
Here, the trial court erred in finding that the plaintiff was not entitled to the protections of Labor Law article 6. The plaintiff and the witnesses called by the defendant—Cole and the defendant’s chairman/chief executive officer—testified that the plaintiff was employed by the defendant. Further, the chairman/chief executive officer acknowledged that the plaintiff was paid a salary, was issued an employee’s W-2 tax form at some point, and had his work supervised. In addition, the chairman/chief executive officer admitted that the defendant failed to keep any time and attendance records for any of its employees despite the requirement, at all times relevant hereto, that an employer was required to “establish, maintain and preserve for not less than three years payroll records showing the hours worked, gross wages, deductions and net wages for each employee” (Labor Law former § 195 [4]). Despite the foregoing, the trial court incorrectly found that the plaintiff was an independent contractor, concluding that his failure to present any time records warranted the dismissal of his Labor Law claim.
Accordingly, we reverse the judgment, reinstate the complaint, award judgment to the plaintiff on the issue of liability, and remit the matter to the Supreme Court, Nassau County, for a trial on the issue of damages and the entry of an appropriate amended judgment thereafter.
Dillon, J.E, Austin, Sgroi and Cohen, JJ., concur.