Edwards v Rosario (2018 NY Slip Op 07684)





Edwards v Rosario


2018 NY Slip Op 07684


Decided on November 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2018

Renwick, J.P., Tom, Mazzarelli, Webber, Kern, JJ.


7609 310238/11

[*1]Michael Edwards, Plaintiff-Respondent,
v
Manuel Rosario, et al., Defendants, Earlybird Delivery Systems, LLC, et al., Defendants-Appellants.


Varvaro, Cotter & Bender, White Plains (Gregory Walthall of counsel), for appellants.
Michelstein & Ashman, PLLC, New York (Stephen J. Riegel of counsel), for respondent.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about September 19, 2017, which denied defendants-appellants' (Earlybird) motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Earlybird established prima facie that defendant driver Alvin Almonte was an independent contractor, rather than an employee, through testimonial evidence establishing that Almonte was paid on a per-delivery basis, that he received a 1099 tax form, as opposed to a W-2, that he received no employee benefits, that he was required to provide and maintain his own vehicle, that he was not reimbursed expenses associated with his job, including the use of his vehicle, that he had full discretion in hiring and paying his helpers, and that the drivers who worked for Earlybird were free to choose their hours and routes and to work for other companies (see Chaouni v Ali, 105 AD3d 424 [1st Dept 2013]). Further, the "Independent Contractor Agreement" between Earlybird and Almonte provided that Almonte could choose his own hours, could reject any assignments given to him, had sole and absolute discretion and control over the manner and means of performing the deliveries as long as the deliveries were made safely and promptly, was not entitled to any unemployment or workers' compensation benefits, was not to have any taxes deducted by Earlybird, and was responsible for all fees and expenses associated with his job.
In opposition, plaintiff raised an issue of fact through evidence showing that Almonte had worked exclusively for Urban Express for about 10 years, during which period he worked regular hours, five days a week, that he had to check in with dispatchers for assignments and after he had finished his deliveries, that he used and returned forms provided by the company for deliveries, that he was required to use helpers for high-value deliveries, that the helpers' information was maintained in a "registry," that he was required to procure insurance in an amount dictated by contract, and that he was required to wear a uniform with the company's logo, which he wore on the day of the accident (see Anikushina v Moodie, 58 AD3d 501 [1st Dept 2009], lv dismissed 12 NY3d 905 [2009]; Bermudez v Ruiz, 185 AD2d 212 [1st Dept 1992]).
An issue of fact also exists as to whether the accident occurred within the scope of Almonte's employment. Earlybird established prima facie that the accident occurred outside the scope of Almonte's employment through Almonte's testimony that he had finished his deliveries and was waiting for defendant Manuel Rosario to run a personal errand when it happened. However, plaintiff submitted a handwritten statement by Almonte that he was on his way to do a pickup when the accident occurred. While the unsworn statement constitutes inadmissible hearsay, it may be considered in opposition to Earlybird's motion because it is not the only [*2]evidence offered by plaintiff (see Erkan v McDonald's Corp., 146 AD3d 466, 468 [1st Dept 2017). In addition, plaintiff testified that he saw Almonte's work partner leave a nearby building and get into the delivery van after the accident.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 13, 2018
CLERK